ELIZABETH SADLOSKI ET AL. *v.* TOWN OF MANCHESTER ET AL.
(14748)

PETERS, C. J., BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued October 27—decision released December 7, 1993

*Kathleen Eldergill,* for the appellant (plaintiff Virginia Celinski).

*William J. Shea,* assistant town attorney, for the appellee (named defendant).

*Karen P. Blado,* with whom was *Ann E. Lynch,* for the appellees (defendants The Mall at Buckland Hills Partnership and Homart Manchester Investment Company).

PER CURIAM. The dispositive issue in this appeal is whether a trial court has subject matter jurisdiction to determine the merits of a taxpayer action without first deciding whether the taxpayer has standing to pursue such a claim. A number of taxpayers[1] of the town of Manchester brought this action challenging the enforceability of a tax assessment agreement between the named defendant, the town of Manchester, and the defendant The Mall at Buckland Hills Partnership. The

---

[1] The original plaintiffs were Elizabeth Sadloski, Virginia Celinski, Harvey Steeves, Joyce R. Senkbeil and Adele Katkauskas, all of whom identified themselves as residents, voters and taxpayers of the town of Manchester.

defendant Homart Manchester Investment Company is an investor in The Mall at Buckland Hills Partnership. The plaintiffs alleged that the agreement violated the provisions of General Statutes § 12-65b[2] and public policy by depriving them of their constitutional rights to equal protection.[3] The trial court, *O'Neill, J.,* dismissed the action as to all the plaintiffs except Virginia Celinski.[4] The trial court, *Aurigemma, J.,* thereafter granted the defendants' motion for judgment of dismissal with respect to Celinski (hereinafter the plain-

[2] General Statutes § 12-65b provides: "AGREEMENTS BETWEEN MUNICIPALITY AND OWNER OR LESSEE OF REAL PROPERTY OR AIR SPACE FIXING THE ASSESSMENT OF SUCH PROPERTY OR AIR SPACE. (a) Any municipality may, by affirmative vote of its legislative body, enter into a written agreement with any party owning or proposing to acquire an interest in real property in such municipality, or with any party owning or proposing to acquire an interest in air space in such municipality, or with any party who is the lessee of, or who proposes to be the lessee of, air space in such municipality in such a manner that the air space leased or proposed to be leased shall be assessed to the lessee pursuant to section 12-64, fixing the assessment of the real property or air space which is the subject of the agreement, and all improvements thereon or therein and to be constructed thereon or therein, subject to the provisions of subsection (b) of this section, (1) for a period of not more than seven years, provided the cost of such improvements to be constructed is not less than three million dollars, (2) for a period of not more than two years, provided the cost of such improvements to be constructed is not less than five hundred thousand dollars or (3) to the extent of fifty per cent of such increased assessment, for a period of not more than three years, provided the cost of such improvements to be constructed is not less than one hundred thousand dollars.

"(b) The provisions of subsection (a) of this section shall only apply if at least one of the following requirements is satisfied: (i) The improvements are for office use; (ii) the improvements are for retail use; (iii) the improvements are for permanent residential use; (iv) the improvements are for transient residential use; (v) the improvements are for manufacturing use; (vi) the improvements are for warehouse, storage or distribution use; (vii) the improvements are for structured multilevel parking use necessary in connection with a mass transit system."

[3] The plaintiffs claimed that the tax assessment agreement violated the equal protection clause of the fourteenth amendment to the United States constitution as well as the public emoluments clause contained in article first, § 1, of the Connecticut constitution.

[4] This dismissal has not been appealed.

tiff). The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We remand for further proceedings.

The trial court dismissed the plaintiff's cause of action for failure to have made out a prima facie case pursuant to Practice Book § 302.[5] The court held: "Even if the court were to find that the plaintiff submitted sufficient evidence to prove her own standing, the plaintiff must make out a *prima facie* case with respect to her substantive claims in order to defeat a Motion for Judgment." (Emphasis in original.) Considering the merits of the plaintiff's substantive claims, the court ruled that she had failed to make out a prima facie case of the invalidity of the tax assessment agreement.

In her appeal to this court, the plaintiff urges reversal of the trial court's substantive conclusion. The defendants, however, have raised the plaintiff's failure to prove her standing as an alternative ground for sustaining the trial court's judgment of dismissal. We agree with the defendants that, without a finding with respect to the plaintiff's standing, the trial court had no authority to consider the plaintiff's case on its merits. We disagree, however, that the present record is sufficient for us to determine whether the plaintiff had standing, and we therefore cannot sustain the judgment of dismissal.

---

[5] Practice Book § 302 provides: "DISMISSAL IN COURT CASES FOR FAILURE TO MAKE OUT A PRIMA FACIE CASE

"If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

The plaintiff's status as a taxpayer does not automatically give her standing to challenge alleged improprieties in the conduct of the defendant town. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 549, 427 A.2d 822 (1980); *Bell* v. *Planning & Zoning Commission,* 174 Conn. 493, 497–98, 391 A.2d 154 (1978); *Belford* v. *New Haven,* 170 Conn. 46, 52–53, 364 A.2d 194 (1975); *Gannon* v. *Sanders,* 157 Conn. 1, 6–9, 244 A.2d 397 (1968); *Truesdale* v. *Greenwich,* 116 Conn. 426, 430–32, 165 A. 201 (1933). The plaintiff must also "allege and demonstrate that the allegedly improper municipal conduct cause[d her] to suffer some pecuniary or other great injury." (Internal quotation marks omitted.) *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* supra; *Belford* v. *New Haven,* supra, 53; *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 617, 363 A.2d 1038 (1975); *Bassett* v. *Desmond,* 140 Conn. 426, 430, 101 A.2d 294 (1953); see 18 E. McQuillin, Municipal Corporations (3d Ed. Rev. 1993) §§ 52.12 through 52.14, 52.24. It is not enough for the plaintiff to show that her tax dollars have contributed to the challenged project; *Bell* v. *Planning & Zoning Commission,* supra, 498; *Gannon* v. *Sanders,* supra, 7; the plaintiff must prove that the project has directly or indirectly increased her taxes; *Atwood* v. *Regional School District No. 15,* supra, 617; or, in some other fashion, caused her irreparable injury in her capacity as a taxpayer. *Bassett* v. *Desmond,* supra; *Cassidy* v. *Waterbury,* 130 Conn. 237, 245, 33 A.2d 142 (1943).

The parties cannot waive a showing that the plaintiff has standing because, in the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case. *Tomlinson* v. *Board of Education,* 226 Conn. 704, 717–18, 629 A.2d 333 (1993); *Stroiney* v. *Crescent Lake Tax District,* 205 Conn. 290, 294, 533 A.2d 208 (1987); *Belford* v. *New Haven,* supra,

52–53. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . ." (Citations omitted; internal quotation marks omitted.) *Unisys Corp.* v. *Department of Labor,* 220 Conn. 689, 693, 600 A.2d 1019 (1991).

A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. The parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. *Serrani* v. *Board of Ethics,* 225 Conn. 305, 308, 622 A.2d 1009 (1993); *In re Judicial Inquiry No. 85-01,* 221 Conn. 625, 629, 605 A.2d 545 (1992); *Castro* v. *Viera,* 207 Conn. 420, 429–30, 541 A.2d 1216 (1988); Practice Book §§ 143, 145. The trial court in this case should not have considered the merits of the plaintiff's case without having first made a finding about whether she had standing and, consequently, whether the court had subject matter jurisdiction.

We cannot supply the finding that the trial court failed to make. Although the plaintiff presented her own testimony and that of an expert witness to establish that her property taxes had increased subsequent to the implementation of the tax assessment agreement, the defendants denied that there was a causal relationship between these two events and represented

to the court that they were prepared to offer evidence on that issue. Each of the parties bears some responsibility for the fact that the court improperly rendered a judgment without hearing all the relevant evidence. In the interests of justice, therefore, this case must be remanded to the trial court for further proceedings to resolve the issue of the plaintiff's standing to challenge the validity of the tax assessment agreement.

The judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.