[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, David Migani and William Bartholomay (plaintiffs), have brought this action against the Town of Orange Board of Finance (Board of Finance), its individual members, and the Town of Orange. The basis for their complaint arises out of a budget referendum held on May 18, 1993. The complaint seeks a declaratory judgment and mandamus declaring the referendum null and void and an order of the court ordering a new referendum to be held according to law.
The Town of Orange has a town meeting forum of government with a Board of Selectmen. The town meeting is the budget-making authority. However, a majority vote of the Board of Selectmen may direct that the proposed budget be approved by referendum. The Board of Finance is vested with all of the powers, duties and responsibilities set forth in Chapter 106 of the Connecticut General Statutes. In adopting a budget to be recommended to the town meeting, the Board must follow the procedures set forth in § 7-344 of the General Statutes.
The facts are as follows. On April 22, 1993, the Orange Board of Finance adopted a proposed budget for the fiscal year commencing July 1, 1993 and forwarded its report to the town meeting on May 16, 1993. Some time prior to the adoption of the proposed budget the Board of Finance, reached a determination that, if the budget CT Page 7517 were to go to a referendum for approval and the vote was to be taken by machine vote, they wished to propose advisory questions pursuant to § 7-344 of the Conn. General Statutes. Since the Town Charter had only recently been amended to permit such a procedure, the Board sought the advice of the Town Attorney. The Town Attorney submitted two alternatives allowing the Board a preference between "yes" and "no" questions with or without any advisory component. Based on information received from the Secretary of State's office and the Town Attorney, the form of the ballot was determined.
A Notice of Referendum was prepared calling for a referendum to take place on May 18, 1993. The notice was printed in the New Haven Register on May 13, 1993. The ballot question read as follows:
 "Shall the operating budget of the Town of Orange for the fiscal year beginning July 1, 1993 as proposed by the Board of Finance on May 10, 1993 be adopted?
Yes No, Too High No, Too Low
Voters approving said questions shall vote `Yes'.
 Those voters opposing said question shall vote either `No, the proposed budget is Too High' or `No, the proposed budget is Too Low'.
 All `No' votes will be added together in determining whether the budget is adopted or rejected."
At the annual Town Meeting held on May 10, 1993, the entire Notice of Referendum was read to all those in attendance and a detailed explanation was given as to how the referendum was to be conducted and the votes tallied.
Voting machines were utilized at the referendum employing three separate levers: "Yes", "No, Too High", and "No, Too Low". At the close of the referendum, it was determined that the budget had failed, there being 1642 "yes" votes, "1628 "No, Too High" votes, and 50 "No, Too Low" votes. The "No" votes were added together for a total 1678 votes. Thus, the "No" votes, when added together, were greater than the "Yes" votes.
A revised budget was prepared by the Board of Finance and CT Page 7518 forwarded to the Town Meeting. A subsequent referendum was held with a straight "Yes" or "No" vote. The vote was favorable and the subsequent budget was adopted. The Town operated under this revised budget for the fiscal year 1993/94.
The plaintiffs, in seeking their Declaratory Judgment, contend that the vote taken at the May 18, 1993 referendum is null and void; that both §§ 9-369 and 7-7 of the Conn. General Statutes provided only for a "Yes" or "No" vote; and, while § 7-344 of the Conn. General Statutes allowed for posing of advisory questions, the vote must be taken as a straight "Yes" or "No" and the advisory questions posed separately, thus requiring four questions on the machine: "Yes" or "No", "No", too high, and "No", too low.
Their contention is that under §§ 9-369 and 7-7, the Board has no discretion and cannot mix the advisory questions with the approval or disapproval of the budget.
The Town of Orange claims that they acted appropriately; that the combining of the advisory questions with the approval or disapproval of the proposed budget was an appropriate procedure to follow.
Before ruling on the ultimate question, the court must first determine whether the plaintiffs have standing to bring this action. The defendants have raised the issue of standing. "In the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadloski v. Manchester,228 Conn. 79, 83. "`Standing' is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right title or interest in the subject matter of the controversy." Id. 84.
"An action for a declaratory judgment is a special proceeding." General Statutes 52-29. Practice Book § 309 provides that "[n]o declaratory judgment may be rendered upon the complaint of any person `unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations. A plaintiff seeking a declaratory judgment must allege and prove more than that he is a taxpayer and has an interest in the expenditures involved.' (Citations omitted.) To have standing, a taxpayer must prove that he is directly affected in a pecuniary manner." Atwood v. Regional School District No. 15, CT Page 7519169 Conn. 613, 616-617; Bassett v. Desmond, 140 Conn. 426, 432,101 A.2d 294; 74 Am.Jur.2d, Taxpayer's Actions, § 20.
The complainant alleges that both plaintiffs are electors. The testimony of Migani indicated that he was also a taxpayer. The defendants admit the above. Thus, the question becomes whether being merely electors and a taxpayer would, in and by themselves, satisfy the requirements for standing.
"The fundamental test for determining aggrievement encompasses a well settled determination: first, `the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Mystic Marine Aquarium,Inc. v. Gill, 175 Conn. 483, 493; Nader v. Altermatt, 166 Conn. 43,51, 347 A.2d 89, and cases therein cited. The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact. Id.
The court notes that, previous to the trial of this matter, a Motion to Dismiss was made by the defendant on this issue and denied by the court. The plaintiff now argues that this is now the law of the case and that this court is now bound by this previous decision.
 "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided in the absence of some new or overriding circumstance."
Carothers v. Capozziello, 215 Conn. 82, 107.
 "Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment."
Id.
CT Page 7520
It should be noted that at the time of the previous ruling, the judge did not have the benefit of the decision by our Supreme Court in the Sadloski case, supra. This court has had the benefit of that ruling and thus reaches a different conclusion. The only evidence before the court relating to standing, i.e., aggrievement, is the stipulation of the parties that both plaintiffs are electors of the Town of Orange and that the plaintiff Migani is a homeowner and taxpayer.
There is no evidence which distinguishes the interests of the plaintiffs from that of the general interest of all taxpayers and electors nor has there been any evidence introduced that their interests have been specially and injuriously affected. The court is of the opinion that the plaintiffs lack necessary standing to bring this matter before the court.
The second issue before the court is whether the ballot, as it was constituted, correctly and appropriately stated the questions to be determined. The plaintiffs claim that the acceptance or denial of the budget, i.e., "Yes" or "No", could not be presented in the fashion that it was, i.e., "Yes", "No, Too High", or "No, Too Low".
The court is of the opinion that the questions as they were stated were clear and unambiguous and the combining of the advisory questions with the "Yes" or "No" vote in no way violated any of the provisions of the General Statutes. It is clear that a majority of the voters disagreed with the budget as presented. The total who were in disagreement exceeded the numbers who were in agreement. This fact is clear and indisputable.
Section 7-344, a section of Chapter 106 relating to town boards of finance, as pertinent to this issue reads:
 "Such estimate and recommendations may include, if submitted to a vote by voting machine, questions to indicate whether the budget is too high or too low. The vote on such questions shall be for advisory purposes only and not binding on the Board."
Section 7-7, a section of Chapter 90 of the Conn. General Statutes dealing with Town and Other Community Meetings, in its pertinent part reads: CT Page 7521
 ". . ., for a vote by paper ballots or by a `Yes' or `No' vote on the voting machines."
Section 9-369 of Chapter 152 entitled "Referenda" reads in pertinent part as follows:
 ". . . . The vote on such amendment shall be taken by a `Yes' or `No' vote on the voting machine. . . ."
The court finds that the vote as it was conducted in no way contradicts or violates the provisions of § 7-7 or § 9-369 of the General Statutes. The advice given by the Secretary of State Elections Division, over the past several years included the option of proposing questions in such a manner did not violate any provision of the Conn. General Statutes. There is nothing to be found in the legislative history of § 7-344 which indicated that the questions must be propounded in the manner claimed by the plaintiffs herein.
While the plaintiffs appear to cast aside the advice given by the Secretary of State in the conduct of this referendum, nevertheless, the legislature has imposed upon the Secretary of State the obligation of advising local election officials in their conduct of a referendum.
Section 9-4 of the Conn. General Statutes reads in part as follows:
 "The Secretary of State, in addition to other duties imposed by law, shall as such commissioner, (1) advise local election officials in connection with proper methods of conducting elections and referenda as defined in subsection (n) of section 9-1, and, upon request of a municipal official, matters arising under Chapter 99,. . . ."
The court cannot and should not disregard or ignore the advice given by the Secretary of State to local election officials, advice that it is mandated by statute to give, unless such advice is contrary to the law.
The court finds that the ballot as it was constituted did not violate any of the provisions of the General Statutes and allowed the electors of the Town of Orange to clearly express their opinion on the budget as proposed for the fiscal year of 93/94 and that the CT Page 7522 advisory questions as proposed were clearly within the provisions of the General Statutes of the State of Connecticut.
Judgment may enter for the defendant Town of Orange.
The Court
By Curran, J. State Trial Referee