[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO DISMISS (NO. 102)
The issue in this case is should the defendant trustee's motion to dismiss be granted on the ground that the trust beneficiary lacks standing to bring an action against the trustee who has absolute discretion in making income payments. Because of the following reasons, the court denies the motion to dismiss because the plaintiff has standing to bring her claims.
On August 16, 1994 the plaintiff, Mary Payson, filed a nine count complaint against the defendant, Paul W. Adams. Payson is suing Adams as an individual and in his official capacity as trustee. The facts alleged in the complaint are as follows. Pursuant to a 1966 trust agreement, a trust was established by Charles Lynn Stone, the plaintiff's father. The trust was established for the benefit of Payson, her spouse and her descendants.
Under the terms of the trust, "[t]he trustee shall, during CT Page 12224 the life of Mary Stone Parsons [now Mary Payson], daughter of the Donor, in his absolute discretion pay any or all of the net income to or for the benefit of Mary Stone Parsons, her spouse or her children. . . ." The trust is to terminate not later than twenty years after the death of Charles Lynn Stone's children. At that time the trustee is required to distribute the trust principal to Mary Payson's then living grandchildren and living issue of any deceased grandchildren.
The trust agreement provides that CityTrust Company, a banking corporation in Bridgeport shall be the successor to Adams as trustee. The trust agreement grants Payson the power to appoint and remove CityTrust Company and its successors to serve as trustee.
Payson alleges in her complaint that despite her numerous requests for an accounting, Adams has never rendered to her or to any court, an account of his actions as trustee. In count one Payson is asking for an accounting pursuant to General Statutes § 45a-175(c)(1). Payson also alleges that Adams has neglected to perform the duties of the trust. In counts two through eight she is requesting damages under a number of breach of duty claims against Adams for his management of the trust assets. In count nine Payson seeks to remove Adams as trustee pursuant to § 45a-242(a).
Adams filed a motion to dismiss with a supporting memorandum on September 22, 1994. Payson filed a memorandum of law in opposition on September 28, 1994. Adams filed a reply memorandum on October 17, 1994. Payson filed a reply memorandum in further opposition on October 19, 1994.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 142. "[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadloski v. Manchester, 228 Conn. 79,83, 634 A.2d 888 (1993). "The fundamental aspect of standing . . . [is that] it focuses on the party seeking to get his complaint before [the] court and not on the issue he wishes to have adjudicated." (Internal quotation marks omitted.)University of Connecticut Chapter, AAUP v. Governor,200 Conn. 386, 389, 512 A.2d 152 (1986). CT Page 12225
The trust agreement provides that the trustee is to make income payments "in his absolute discretion." Adams argues in his memorandum in support of the motion to dismiss the complaint that Payson is merely an income beneficiary, and therefore, since there is not a mandate that he must distribute any income, Payson does not have standing to bring the action. Payson argues that she has standing pursuant to § 45a-175(c)(1), § 45a-242a, and Connecticut precedents.
Section 45a-175(c)(1) provides in part that "[a]ny beneficiary of an inter vivos trust may petition a court of probate having jurisdiction under this section for an accounting by the trustee or trustees." "While the language of section 45a-175
clearly bestows jurisdiction upon probate courts to handle accounts . . . nothing in the language of this section evidences any intention to abrogate the jurisdiction of the superior court over actions for accountings." Zanoni v. Cross, 6 CONN. L. RPTR. 239 (1992) (Hennessey, J.). "The Superior Court is vested with the equitable power to approve an inter vivos trust accounting." United States Trust Co. v. Bohart, 197 Conn. 34, 39,495 A.2d 1034 (1985). Although Payson may not have an absolute right to collect the income of the trust, she has an interest in the trust as a named beneficiary. It is that status as a potential beneficiary which gives her standing to request an accounting under § 45a-175(c)(1).
Section 45a-242a provides in part that "[i]f any fiduciary becomes incapable of executing his trust, neglects to perform the duties of his trust, wastes the estate in his charge . . . the court of probate having jurisdiction may, upon its own motion, or upon the application and complaint of any person interested . . . after notice and a hearing, remove such fiduciary." The trust agreement provides Payson with the power to appoint and remove the party or parties who will succeed Adams as trustee. It is clear that this power to appoint and remove future trustees would make Payson an interested party. It is further noted that Payson, as a named beneficiary, has an interest in insuring that Adams is fulfilling his duties as trustee.
Furthermore, Payson, as a beneficiary under the trust, has a right to seek damages for breach of trust by the trustee to the superior court. See Jackson v. Conland, 178 Conn. 52, 54,420 A.2d 898 (1979) (beneficiaries of trust brought action for removal of trustees and damages resulting from breach of trust by trustees in superior court). CT Page 12226
The discretionary powers of Adams, as trustee, do not affect Payson's standing. Payson, as an income beneficiary, is seeking an accounting from Adams, damages for Adams' breach of fiduciary duties, and the removal of Adams as trustee. It is found that Payson has standing to bring these claims before the court.
Accordingly, the motion to dismiss is denied.