[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On July 12, 1993, the plaintiff, the estate of Robert Henry Johnson, by its administratrix Alice Roberson, filed a complaint in wrongful death against the defendant, Martin E. Roth. The CT Page 7492 plaintiff alleges that on September 30, 1991, Johnson was struck and killed by the defendant operating a motor vehicle while the plaintiff was walking across the intersection of Atlantic and South State Streets, in the City of Stamford.
The defendant filed a motion to dismiss on April 4, 1994, on the ground that Roberson is not an administratrix, and therefore, is not a proper party to bring a wrongful death action under General Statutes § 52-555,[1] and the plaintiff objected to the motion to dismiss.
The defendant argues that Roberson was not administratrix at the time this action was commenced, and therefore, had no standing to bring this action under General Statutes § 52-555. The plaintiff argues that the defendant has waived the right to file a motion to dismiss, pursuant to Practice Book § 112, because it has been filed out of order. Alternatively, the plaintiff argues that Roberson has subsequently been restored as administratrix.
"[I]n the absence of standing the court lacks subject utter jurisdiction to determine the merits of the case." Sadloski v.Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993). "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Presidential Capital Corp. v.Reale, 231 Conn. 500, 504, 652 A.2d 489 (1994).
The plaintiff has argued that the defendant has waived the right to challenge the plaintiff's standing because the motion to dismiss has not been filed in the order specified by Practice Book § 112. However, "[a] possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. The parties cannot confer subject matter jurisdiction on the court, either by waiver or consent." Sadloski v. Manchester
supra, 228 Conn. 84.
The evidence submitted by the parties demonstrates that Roberson was not the administratrix of the estate at the time this action was commenced. "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an CT Page 7493 actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue . . . . An estate is not a legal entity. It is neither a natural or an artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent . . . . Not having a legal existence it can neither sue or be sued." (Citations omitted; internal quotation marks omitted.) Isaac v.Mount Sinai Hospital, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). "Under General Statutes § 52-555, standing to bring a wrongful death action is thus conferred only upon either an executor or an administrator." Id., 601.
Because the evidence provided demonstrates that Roberson was not the executrix of the estate at the commencement of the action "[t]he named plaintiff in the original complaint never existed." Id., 602. Therefore, the plaintiff did not have standing in which to bring this action.
The plaintiff's further argument that Roberson has been restored as administratrix, and that a dismissal would only serve to delay this action, is to no avail.
"[S]tanding is the legal right to set judicial machinery in motion;" Presidential Capital Corp. v. Reale, supra, 231 Conn. 504; the plaintiff must have had standing at the commencement of the action. Furthermore, § 52-555 contains a specific time limitation on the action.
"Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone . . . The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Citations omitted; internal quotation marks omitted.) Ecker v. West Hartford, 205 Conn. 219, 232,530 A.2d 1056 (1987). Moreover, the Supreme Court specifically determined that the limitation contained within § 52-555 "is a jurisdictional prerequisite which cannot be waived and which must be met in order to maintain an action under § 52-555." CT Page 7494Id., 233.
The certificate provided by the plaintiff shows that the estate was reopened for the purposes of this wrongful death action, and that Roberson's authority as administrator is "in full force as of the above Date of Certificate". The Date of Certificate May 2, 1994, however, is more than two years from the date of death, and thus, beyond the statutory limitation imposed by § 52-555. The defendant's motion to dismiss is granted.
So Ordered.
D'ANDREA, J.