[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS ANDPLAINTIFF'S MOTION TO SUBSTITUTE AND AMEND COMPLAINT
On January 12, 1995, the plaintiff, Uylers Price, filed a revised two-count complaint medical malpractice action against the defendant, George Castro.
On May 23, 1995, the plaintiff filed a motion to amend the complaint and to substitute Rosalyn Bell, conservator, as the plaintiff in this action alleging that on September 21, 1993, the Bloomfield Probate Court, Zelman, J., appointed Rosalyn Bell as conservator of the person and estate of Uylers Price.
On May 30, 1995, the defendant filed an objection to the proposed amendment and this motion to dismiss on the ground that the plaintiff does not have legal capacity to sue and therefore, the court lacks subject matter jurisdiction.
 I
While jurisdiction over the person, improper venue, and insufficient service of process may be waived, "any claim of lack of jurisdiction over the subject matter cannot be waived." Practice Book § 145. Subject matter jurisdiction may be raised at any time, even by the court sua sponte. Ambroise v.William Raveis Real Estate, Inc., 226 Conn. 757, 766-67 (1993). Once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. Gurliacci v. Mayer,
supra, 218 Conn. 545. If the court is found to lack subject matter jurisdiction, the action must be dismissed because "the parties cannot confer subject matter jurisdiction on the court, either by waiver or consent." Sadloski v. Manchester, supra,228 Conn. 84.
Although the motion to substitute the plaintiff was filed prior to the motion to dismiss since the court has not yet acted on the motion to substitute, the motion to dismiss must be considered first.
II
CT Page 13820
In moving to dismiss, the defendant argues that because the plaintiff has been adjudicated incompetent, the plaintiff lacks the legal capacity to bring an action in his own name, and because the plaintiff does not have standing, the court lacks subject matter jurisdiction.
The plaintiff argues that the defendant has not been adjudicated incompetent by the Bloomfield Probate Court pursuant to General Statutes § 45a-650, but rather, the conservator was appointed as a result of an application for voluntary representation pursuant to General Statutes § 45a-646. The plaintiff claims that the motion to substitute should be granted because the conservator is now the proper person to bring the action on behalf of the plaintiff.
The defendant argues that based on the language of General Statutes § 45a-646 and the definition of "voluntary representation," the legal status of an individual for whom a conservator has been appointed whether pursuant to General Statutes § 45a-646 or § 45a-650 is identical and in either case the incapacitated individual lacks standing to bring an action in his own name. This argument is not persuasive.
General Statutes § 45a-650(c) states that "if the court finds by clear and convincing evidence that the respondent is incapable of managing his or her affairs then the court shall appoint a conservator of his or her estate. If the court finds by clear and convincing evidence that the respondent is incapable of caring for himself or herself, then the court shall appoint a conservator of his or her person." The appointment of a conservator pursuant to General Statutes § 45a-650 indicates a judgment that the plaintiff is incapable of managing his own affairs and until such determination is changed, the plaintiff may not bring suit in his own behalf. Cottrell v. ConnecticutBank Trust Co., 175 Conn. 257, 261, (1978).
General Statutes § 45a-646, entitled "application for voluntary representation" states, in relevant part, that "after seeing the respondent in person and hearing his or her reasons for the application and after explaining to the respondent that granting the petition will subject the respondent or respondent's property, as the case may be, to the authority of the conservator, the court may grant voluntary representation and thereupon shall appoint a conservator of the person or estate or CT Page 13821 both, and shall not make a finding that the petitioner is incapable. The conservator of the person or estate or both, shall have all the powers and duties of a conservator of the person or estate of an incapable person appointed pursuant to section 45a-650. If the respondent subsequently becomes disabled or incapable, the authority of the conservator shall not be revoked as a result of such disability of incapacity." (Emphasis added.) "Voluntary representation" is defined as "the appointment of a conservator of the person or estate, or both, upon request of the respondent, without a finding that the respondent is incapable of managing his or her affairs or incapable of caring for himself or herself." General Statutes § 45a-644(g). "Conservator of the estate" is defined as "a person . . . appointed by the court of probate . . . to supervise the financial affairs of a person found to be incapable of managing his or her own affairs or of a person who voluntarily asks the court of probate for the appointment of a conservator of the estate." (Emphasis added.) General Statutes § 45a-644(a).
Even though General Statutes § 45a-646 provides the conservator with powers identical to those of a conservator appointed for an individual adjudicated incompetent pursuant to General Statutes § 45a-650, the legal status of an individual for whom a conservator has been appointed pursuant to General Statutes §§ 45a-646 as compared to 45a-650 is not identical. The appointment of a conservator pursuant to an application for voluntary representation under General Statutes § 45a-646 is not a finding that the applicant is incompetent.
In the present case, the conservator was appointed pursuant to an application for voluntary representation by the plaintiff, but this does not deprive the plaintiff of standing to bring an action on behalf of himself. The motion to dismiss is denied.
 III
General Statutes § 52-109 states that "when any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." Connecticut courts permit the substitution of parties "as the interests of justice require. . . . These rules are to be construed so as to alter the harsh and inefficient result that attached to the mispleading of parties at common law." (Citations omitted.) Federal Deposit Ins.CT Page 13822v. Retirement Management Group, Inc., 31 Conn. App. 80, 84
(1993). See Practice Book § 6.
Plaintiff's Motion to Substitute the Conservator for the Plaintiff and to amend the complaint accordingly is granted.
Wagner, J.