[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PETITION FOR RELEASE OF TRANSCRIPT
On January 16, 1996, the Judicial Review Council (the Council) filed a Petition seeking that this court order release of the transcript of the defendant's trial on the charge of murder, of which he was acquitted on June 23, 1995.
On June 29, 1995, the Council received a complaint pursuant to Conn. Gen. Stat. § 51-51, concerning the presiding judge's conduct of the trial. Section 51-51(a) states that "the Judicial Review Council shall investigate every written complaint brought before it alleging conduct under section 51-51i, . . .".
The Council acknowledges that Conn[ecticut] has an "erasure statute", which provides in pertinent part:
 Whenever in any criminal case . . . the accused, by a final judgment, is found not guilty of the charge . . ., all police and court records . . . pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty. . ., if an appeal is taken.
Conn. Gen. Stat. § 54-142a(a).
The Council argues that the "erasure statute" does not apply to its Petition because if it did, the Council could not carry out its duty to investigate the complaint and that the trial transcript is the only evidence by which the Council can either exonerate the presiding judge or determine if he committed misconduct. (See Par. 5 of the Petition and page 5 of the supporting memorandum dated January 12, 1996.)
The defendant has objected to the Council's Petition on the grounds that the Council is not a party to the proceeding and has no standing; that the court lacks jurisdiction in that the issue of release of this transcript in a civil case is on appeal; that the above captioned matter has been erased by operation of law and that the Council has waived any right to seek the CT Page 1112 transcript's release by failing to seek to intervene when counsel for the alleged victim sought release of the transcript in the civil case; and that the Council has no right to the transcript for the reasons stated in this Court's Memorandum of Decision dated August 24, 1995, denying the motion of the Administrator of the alleged victim's estate for this transcript.
The instant motion and the objections to it were argued on January 26, 1996.
 One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.
Sadlowski v. Manchester, 228 Conn. 79, 84 (1993).
The Council isn't a party in this case, and therefore has no real interest in the cause of action. Nor does it have any interest in the subject matter of this case, which was whether the defendant committed a crime, and not the conduct of the presiding judge.
The court concludes it has no subject matter jurisdiction to determine the merits of the Council's Petition, and it therefore dismisses the Petition.
Walsh, J.