[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to recover funds allegedly due from an employee profit sharing plan. The plaintiff, Karen Armstrong, commenced this action against the defendant, Paul H. Deutsch, by complaint filed on January 1, 1993, and subsequently amended her complaint on April 5 and June 13, 1995. The complaint alleged that the plaintiff was employed by the defendant, that the defendant promised to make certain contributions to a profit sharing plan for the benefit of the plaintiff, that such contributions were made annually in the years 1987 to 1989, but that the defendant failed to contribute to the plan in 1990. The complaint alleged common law breach of contract in count one and violations of29 U.S.C. § 1082 and 1322 of the Employee Retirement Income Security Act of 1974 (ERISA) in count two.
On July 7, 1995, the defendant filed a motion to dismiss both counts of the complaint on grounds of subject matter jurisdiction, to which the plaintiff filed an objection on September 20, 1995. On October 2, 1995, the motion to dismiss CT Page 6037 count one was denied by the court, Hendel, J., and count two was dismissed by agreement of the parties. The defendant filed an answer and special defenses on October 23, 1995, to which the plaintiff replied on October 26, 1995.
On April 1, 1996, the plaintiff requested leave of the court to amend her complaint. The defendant's objection was sustained by the court, Walsh, J., on May 1, 1996, and the parties tried the plaintiff's common law breach of contract claim to the court.
On May 28, 1996, the plaintiff filed a post-trial brief, moving the court to dismiss her action for lack of subject matter jurisdiction. The defendant filed his post-trial brief on June 3, 1996, urging the court to deny the plaintiff's motion and render a decision in the case.
A motion to dismiss attacks the court's jurisdiction to hear the present action: "the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). Subject matter jurisdiction "is the power of the court to hear and decide cases of the general class to which the proceedings in question belong." Id., 542.
This court has heard this case to completion. Before making findings of fact and addressing issues of law, this court must first determine if it has jurisdiction.
The issue of subject matter jurisdiction may be raised at any time. Lewis v. Gaming Policy Board, 224 Conn. 693, 698,620 A.2d 780 (1993). The absence of subject matter jurisdiction cannot be conferred upon a court by the parties, either by waiver or consent, and must be addressed immediately before the action proceeds any further. Sadloski v.Manchester, 228 Conn. 79, 84, 634 A.2d 888 (1993). "[E]very presumption is to be indulged in favor of jurisdiction."Gurliacci v. Mayer, supra, 218 Conn. 543.
The plaintiff, taking her claim to trial, now urges the court to dismiss it for lack of subject matter jurisdiction, a motion she successfully contested just prior to trial. (Plaintiff's Objection (#115) to Defendant's Motion to Dismiss). Meanwhile, the defendant, after urging the court to dismiss the plaintiff's action for lack of subject matter CT Page 6038 jurisdiction just prior to trial, now argues that the court does have jurisdiction over the action, as conferred by the parties' mutual agreement to try the action before this court, and asks the court to render a decision on the merits in his favor. (Defendant's Post-trial Brief (#126), pp. 3).
Subject matter jurisdiction is the power of a court to hear and decide cases of a particular class. Gurliacci v.Mayer, supra, 218 Conn. 542. Congress has expressly granted State and Federal courts concurrent jurisdiction over ERISA actions brought by beneficiaries to recover benefits allegedly due under the terms of a plan, which means that a plaintiff may choose to commence such an action in either court.29 U.S.C.A. § 1132(e)(1).
The doctrine of preemption, on the other hand, is the power of Congress to declare that federal law shall be the exclusive body of law on certain subjects within its constitutional powers. U.S. Const., art. VI; see alsoIngersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-39,111 S.Ct. 478, 112 L.Ed.2d 474 (1990). In its broadest sense, preemption prohibits states from enacting any laws or regulations or from independently creating any right of action relating to a subject upon which Congress has chosen to exercise this power. Id.; see also Jones v. Rath Packing Co.,430 U.S. 519, 525, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). All state statutes, regulations and state statutory or common law causes of action relating to employee benefit programs are expressly preempted by ERISA. 29 U.S.C.A. § 1144(a). Therefore, no cause of action relating to any employee benefit program may be brought unless it is brought pursuant to one of the statutes enumerated within ERISA, 29 U.S.C.A. § 1001 etseq. Ingersoll-Rand Co. v. McClendon, supra, 498 U.S. 138.
In the present case, the claim brought to trial by the plaintiff is a common law breach of contract based on the defendant's alleged failure to contribute to a profit sharing plan. The evidence in the record, establishes that the profit sharing plan instituted by the defendant is a "plan, fund or program" within the meaning of ERISA, because a reasonable person could ascertain the intended benefits, class of beneficiaries, source of financing and the procedures for receiving benefits. (Plaintiff's Exhibit 1, Summary of Profit Sharing Plan). Williams v. Wright, 927 F.2d 1540, 1543 (11th Cir. 1991). The plaintiff's common claim is preempted by CT Page 6039 ERISA, because it "relates to" an employee benefit plan.Ingersoll-Rand v. McClendon, supra, 498 U.S. 138. It follows that this court lacks subject matter jurisdiction over the present action. Id., 138-42.
Based on the foregoing, the cause of action is dismissed for lack of subject matter jurisdiction.
Walsh, John F., J.