[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On October 24, 1997, the plaintiff, Colonial Technologies Corp., filed a ten count amended complaint against the defendants, Blau Marketing Technologies, Inc., Barry Blau, and Worldwide Telecom Partners, Inc. The complaint, which alleges various causes of action sounding in tort and breach of contract, arises from a joint venture agreement between Barry Blau 
Partners, Inc. and Colonial Data Technologies Corp.
On September 30, 1997, the defendants, Blau Marketing Technologies, Inc. and Barry Blau, filed a motion to dismiss the complaint for lack of subject matter jurisdiction. Pursuant to Practice Book § 143, the defendants filed a memorandum of law in support of their motion to dismiss. On October 15, 1997, the plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss. A supplemental memorandum of law in support of the motion to dismiss was filed by the defendants on November 14, 1997.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "It is axiomatic that once the issue of subject matter jurisdiction is raised it must be immediately acted upon by the court." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Corp. v.Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996). "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v.Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . Where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v.Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
In support of their motion to dismiss, the defendants argue that the named plaintiff, Colonial Technologies, Corp., does not have standing to pursue their complaint. According to the defendants, a company named InteliData Technologies Corp. has CT Page 11489 held itself out as the successor to Colonial Data Technologies Corp., the original signatory to the joint venture with the defendants. The defendants argue that the effect of this succession is that Colonial Data Technologies Corp. no longer exists and therefore may not pursue this lawsuit.
Colonial Technologies Corp. argues that the court should not grant the motion to dismiss. Rather, the plaintiff contends that it does have standing to pursue their claims against the defendants. According to the plaintiff, Colonial Data Technologies Corp. was the name of the company that entered into the joint venture agreement with the defendants. The plaintiff alleges, however, that at the time of entering the agreement Colonial Data Technologies Corp., a Delaware corporation, was a subsidiary of a Massachusetts corporation also named Colonial Data Technologies Corp. Furthermore, the plaintiff contends, in order to avoid confusion between the Massachusetts parent company and the Delaware subsidiary, the Delaware subsidiary by the name of Colonial Data Technologies Corp. changed its name to Colonial Technologies Corp. Finally, the plaintiff claims that the Massachusetts parent company, which retained the name Colonial Data Technologies Corp., merged with another corporation in order to form a company known as InteliData Technologies Corp. As a result of this merger, the plaintiff alleges, Colonial Technologies is now a subsidiary of InteliData Technologies Corp. In effect, the plaintiff argues that the original signatory to the joint venture agreement was a subsidiary that changed its name and is now a subsidiary of a different parent corporation.
The plaintiff has the burden of proof on the issue of standing and unless the plaintiff has standing, the trial court does not have subject matter jurisdiction. Sadloski v.Manchester, 228 Conn. 79, 83-85, 634 A.2d 888 (1993). "One cannot rightfully invoke the jurisdiction of the court unless he or she has in an individual, or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . ." Sadloski v. Manchester, supra, 84.
In order for this court to be able to find that the plaintiff has standing to pursue its lawsuit, the plaintiff must prove that the named plaintiff, Colonial Technologies Corp., is in fact the company which entered the joint venture agreement, Colonial Data Technologies Corp. For it is evident that if Colonial Technologies Corp. is not the signatory to the joint venture CT Page 11490 agreement, it may not bring suit upon the agreement.
According to the plaintiff, this critical finding is established because: (1) Colonial Data Technologies Corp. was a subsidiary of a Massachusetts company of the same name; (2) it then changed its name to Colonial Technologies Corp.; and (3) Colonial Technologies exists as a subsidiary of InteliData Technologies Corp. For proof of these facts, the plaintiff relies on: (1) an affidavit by the Vice President of Colonial Technologies Corp. which states that Colonial Data Technologies was a subsidiary of a Massachusetts company with the same name; (2) a copy of a letter from the Secretary of State of the state of Delaware in which the Secretary of State certifies that the document attached to the letter is a true and correct copy of the certificate of amendment of Colonial Data Technologies Corp. changing its name to Colonial Technologies Corp.; and (3) a copy of the company profile for InteliData Technologies Corp., submitted by the defendant, which indicates InteliData has a subsidiary called Colonial Technologies Corp.
This court may not consider the affidavit of the Vice President of Colonial Technologies Corp. in determining whether Colonial Data Technologies Corp. was a subsidiary of a Massachusetts company with the same name. The defendants have disputed this fact and have alleged that Colonial Data Technologies Corp. was not a subsidiary of any other company.Barde v. Board of Trustees, supra, 207 Conn. 62. Because the plaintiff points to no other evidence in the record for the proposition that Colonial Data Technologies Corp. was a subsidiary of a like-named Massachusetts company, this fact is not established. Moreover, the salient inquiry is whether the named plaintiff, Colonial Technologies, is the same company that entered into the joint venture agreement with the defendant.
To support its claim that Colonial Data Technologies changed its name to Colonial Technologies, the plaintiff submits a copy of a letter from the Secretary of State for the state of Delaware in which the Secretary of State certifies that the document attached to the letter is a true copy of the certificate of amendment for Colonial Data's name change. The problem, however, is that the plaintiff failed to attach a copy of the certificate of amendment. Rather, there is nothing attached to the Secretary of State's letter. Again, the plaintiff offers no other evidence, such as a registration pursuant to General Statutes § 33-657
(d), to support the proposition that Colonial Data changed its CT Page 11491 name. Thus, there is no evidence for the court to find that Colonial Data Technologies, the signatory of the joint venture agreement, changed its name to Colonial Technologies.
Finally, the plaintiff relies on a copy of the company profile for InteliData Technologies Corp. to bolster the proposition that Colonial Data exists as a subsidiary of InteliData under the name Colonial Technologies. While it may be true that InteliData owns a subsidiary called Colonial Technologies, it does not fill the critical gap in the record and prove that Colonial Technologies, the InteliData subsidiary, is the original signatory to the agreement that is the subject of this lawsuit.
Because the plaintiff has not sustained the burden of proof to show standing, the defendants', Blau Marketing Technologies, Inc. and Barry Blau's, motion to dismiss is granted.
HON. WALTER M. PICKETT, JR.,State Judge Referee