[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14320 RE: MOTION TO DISMISS
The plaintiff, CS Contractors (CS), filed a complaint and Notice of Foreclosure against Ena Burke, Ena Burke as executrix of the estate of Earl C. Burke and Clarence Cherry, alleging in four counts that the defendant, Ena Burke, failed to pay for renovations to her property. Burke then filed a motion to dismiss for lack of subject matter jurisdiction. A revised complaint, subsequently filed, alleges causes of action for bad faith, unjust enrichment, quantum meruit and unfair trade practices, respectively.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action;" Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143, now Practice Book (1998 Rev.) § 10-31. Furthermore, "standing . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996).
Burke moves to dismiss on the ground that the court lacks subject matter jurisdiction because the plaintiff lacks standing. Burke argues that the alleged contract between CS and Burke is subject to the Home Improvement Act, General Statutes § 20-418 et seq. and that CS did not comply with that Act, and that therefore the plaintiff lacks standing to bring this claim. CS filed no papers in opposition to Burke's motion to dismiss.
The fact that this action may be governed by the Home Improvement Act does not go to the issue of this court's authority to hear the case. The issue of whether the Home CT Page 14321 Improvement Act was complied with implicates the merits of the cause of action and not this court's power to adjudicate the dispute. See Bellwether Corp. v. Silverman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137393 (January 3, 1995) (Lewis, J.) (finding that "[t]he defendants' argument that the Home Improvement Act prevents the plaintiff from enforcing the contract relates to the merits of the action and does not involve standing"). Lastly, CS does have standing to sue because it allegedly was not paid for materials and services that it allegedly rendered to Burke and, therefore, it has "some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.)Bellwether Corp. v. Silverman, supra, Superior Court, Docket No. 13739, quoting Sadloski v. Manchester, 228 Conn. 79, 84,634 A.2d 888 (1993). Accordingly, Burke's motion to dismiss is denied.
D'Andrea, J.