[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#136)
The plaintiff, Virginia H. Spencer, is a beneficiary of the estate of her deceased husband Elliott A. Spencer, Jr.. Counts One, Two and Three of the operative complaint are brought against the defendant, H. Judson Carr, who was counsel to the decedent prior to his death, and allege that the defendant caused the diminution of the Estate of Elliott A. Spencer, Jr. The complaint does not allege that the plaintiff is either Executrix or Administratrix of the estate.
The defendant, H. Judson Carr, has moved to dismiss (#136) Counts One, Two and Three, claiming that the plaintiff lacks standing to maintain the claims contained therein.
Standing implicates the court's subject matter jurisdiction.Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987). "[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case."Sadloski v. Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993). Questions regarding standing are best determined by way of a motion to dismiss. Connecticut Assn of Boards of Education, Inc.v. Shedd, 197 Conn. 554, 555, 499 A.2d 797 (1985).
"When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." (Internal quotation marks omitted.) Id., 558. "These two objectives are ordinarily held to have been met CT Page 3798 when a complainant makes a colorable claim of [a] direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a `personal stake in the outcome of the controversy'. . . . provides the requisite assurance of `concrete adverseness' and diligent advocacy." (Citations omitted.) Board of Pardons v. FOIC, 210 Conn. 646, 649,556 A.2d 1020 (1989).
"`Actions designed to recover personalty belonging to the estate or for its use . . . are brought by the fiduciary rather than by the beneficiaries." George v. Warren, Superior Court, judicial district of New Haven, Docket No. 356138 (September 15, 1995, Zoarski, J.), quoting Wilhelm, Connecticut Estate Practice: Settlement of Estates, § 271 (1974). See also Tata v.Reignier, Superior Court, judicial district of Waterbury, Docket No. 103374 (November 19, 1991, Meadow, J.).
Since the plaintiff is not the fiduciary of the estate, the plaintiff lacks standing to pursue any claim on behalf of the Estate of Elliott A. Spencer, Jr. As a result, this court lacks subject matter jurisdiction over any claims made by the plaintiff on behalf of said estate.
Accordingly, the Motion to Dismiss (#136) Counts One, Two and Three is hereby ordered granted. In addition, the court, sua sponte[1], orders dismissed Counts Nine and Ten and any and all remaining claims made on behalf of the Estate of Elliott A. Spencer, Jr. that are contained within the surviving counts.[2]
It is so ordered.
BY THE COURT:
ELAINE GORDON, JUDGE