[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Daniel Spencer d/b/a Highland Gardens, filed this complaint against the defendants, Star Steel Structures, Inc. (Star Steel), and W. H. Milikowski, Inc. (Milikowski), on February 2, 2001. On November 19, 2001, the plaintiff filed an amended complaint with seven counts. Counts one, three, four, five and seven are against both defendants wherein the plaintiff alleges, respectively, products liability, breach of express warranty, breach of implied warranty of merchantability, breach of warranty of fitness for a particular purpose, and negligence. Counts two and six are breach of contract claims against Milikowski.
This cause of action arises out of the following alleged facts. On July 1, 1998, the plaintiff met with Milikowski employees and discussed purchasing a green house. During that conversation, the Milikowski employees told the plaintiff that Milikowski did not sell greenhouses large enough to accommodate Highland Garden's needs. In order to have a large enough greenhouse, the employees suggested that the plaintiff combine the Polaris model I greenhouse and the Solar Star model greenhouse, both manufactured and designed by Star Steel. The plaintiff purchased an unassembled greenhouse on July 15, 1998, from Milikowski that was a combination of the two models. Using instructions for each individual model provided by Star Steel and Milikowski, the plaintiff assembled the greenhouse on its premises. The defendants provided very little instruction on how to combine the two models. Between July and August 1998, the greenhouse swayed in light winds while it was being constructed. The plaintiff was assured by a Milikowski employee that the CT Page 6363 greenhouse would be more structurally sound upon completion. In August, 1998, an employee of Star Steel inspected the greenhouse and told the plaintiff that he "did a really nice job." (Amended Complaint, ¶ 10.) The greenhouse continued to sway after it was constructed, causing the plaintiff to make several telephone calls to Star Steel and Milikowski. The plaintiff received no response to his calls. On October 1, 1999, however, a salesperson from Milikowski inspected the greenhouse and told the plaintiff that it "looked good" to him. (Amended Complaint, ¶ 13.) On November 2, 1999, the greenhouse was completely destroyed by a wind gust measured at forty to fifty miles per hour. In addition to the destruction of the greenhouse, many plants held for sale by the plaintiff and housed in the greenhouse were destroyed. In order to fulfill his contractual obligations to his purchasers, the plaintiff was forced to purchase plants, replacing those that were destroyed.
In response to the amended complaint, Star Steel and Milikoswki separately filed answers and five special defenses on January 3, 2002. Their special defenses are identical and allege, respectively, that (1) pursuant to General Statutes § 52-572p,[1] the defendants are not liable, (2) the plaintiff has already recovered for the loss of the greenhouse, (3) the plaintiff cannot bring this cause of action because Lloyd's of London is the real party in interest and has not been made a party, (4) the plaintiff could have reconstructed the greenhouse for less than the amount the plaintiff is seeking and (5) the warranty provisions of the Uniform Commercial Code are inapplicable in the present case because the materials it sold to the plaintiff were not goods.
The plaintiff filed the present motion to strike the special defenses and memorandum of law on January 25, 2002. As to all five defenses, the plaintiff moves to strike on the ground that the defenses are insufficient as a matter of law because they violate Practice Book § 10-51. Additionally, the plaintiff moves to strike on the grounds that, as to the first special defense, the defendants cannot assert the defense provided for in § 52-572p and that, as to the second and third special defenses, the defendants fail to recognize the changes the plaintiff made in the amended complaint. The defendants filed a memorandum in opposition to the plaintiffs motion to strike on February 7, 2002. The defendants argue that they inadvertently failed to comply with Practice Book §10-51, the plaintiff misinterprets § 52-572p and the plaintiff lacks standing to bring this cause of action.
 I.
Before ruling on the motion to strike, the court will first address the defendants' argument that the plaintiff lacks standing to bring the CT Page 6364 subrogation claim in the first count of the amended complaint. "Standing is the legal right to set judicial machinery in motion." (Internal quotation marks omitted.) Sadloski v. Manchester, 228 Conn. 79, 84,634 A.2d 888 (1993). "[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Id., 83. "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised." Id., 84. "The general rule is that one party has no standing to raise another's rights." Delio v. EarthGarden Florist, Inc., 28 Conn. App. 73, 78, 609 A.2d 1057 (1992). If standing is questioned, the usual inquiry is "whether the person whose standing is challenged is a proper party to request an adjudication of the issue. . . ." (Internal quotation marks omitted.) Id. A party has standing when he "makes a colorable claim of direct injury he . . . is likely to suffer." (Internal quotation marks omitted.) In the first count of the amended complaint, the plaintiff alleges that the plaintiffs insurer, Lloyd's of London, issued the plaintiff $37,581 in accordance with the plaintiffs policy to replace the greenhouse. The plaintiff further alleges that "Star Steel and W. H. Milikowski are liable to Underwriters at Lloyd's for all payments made to Highland Gardens, including costs and attorneys fees." (Amended Complaint, count one, ¶ 21.) Lloyd's of London is, however, not a party to the current proceeding nor does it appear to be represented in any way. It does not appear for the record that Lloyd's of London even received notice of the pendency of this action. The plaintiff provides no basis that would allow the court to find that the plaintiff has standing to raise Lloyd's of London's subrogation rights against the defendants. The plaintiff alleges no facts demonstrating that he is likely to suffer a direct injury if the defendants do not reimburse Lloyd's of London for the amount it paid the plaintiff under the policy. The plaintiff, therefore, lacks standing to bring the first count of his amended complaint insofar as it seeks to assert the subrogation rights of an entity who has not been made a party to these proceedings.[2] Thus, the court lacks subject matter jurisdiction over this claim. In this respect, then, the defendants' second and third special defenses raise meritorious issues, and the plaintiffs motion to strike them on the ground that they fail to account for changes made in the amended complaint is denied
 II.
The plaintiff next argues that the defendants cannot assert the defense provided for in § 52-572p. "Section 52-572p provides that a manufacturer is not liable for harm that would not have occurred but for a third party's alteration or modification of the product in question."Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 229, 694 A.2d 1319
(1997). "By its own terms, § 52-572p limits its application to alterations and modifications made by a `third party.'" Elliot v. Sears,CT Page 6365Roebuck Co., 229 Conn. 500, 508, 642 A.2d 709 (1994). The legislature drafted § 52-572p based upon § 110 of the Draft Uniform Product Liability Law. Potter v. Chicago Pneumatic Tool Co., supra, 230. "The commentary [to § 110] provides that [t]his section deals with the situation where a third party — one other than the product seller or the claimant — has altered or modified the product and this has led to [the] claimant's harm." (Internal quotation marks omitted.) Id., 231. In looking at both the plain language of the § 52-572p and the commentary, it is clear that § 52-572p applies only where the plaintiffs injuries arise out of modifications made by someone other than the plaintiff and the product seller. The plaintiffs complaint is devoid of any allegation that a third party made changes to the greenhouse. Moreover, the defendants do not allege any additional facts showing that a third party, outside of themselves and the plaintiff, made alterations or modifications to the greenhouse. Since the required allegations are absent, the defendants' special defense that § 52-572p protects them from liability is insufficient as a matter of law.
 III.
Finally, the plaintiff argues that the defendants' special defenses are insufficient because they violate Practice Book § 10-51. Pursuant to Practice Book § 10-51, "[w]here the complaint or counterclaim is for more than one cause of action, set forth in several counts, each separate matter of defense should be preceded by a designation of the cause of action which it is designed to meet, in this manner: First Defense toFirst Count, Second Defense to First Count, First Defense to SecondCount, and so on." The court will grant a motion to strike where the defendants fail to comply with Practice Book § 10-51 and do "not [designate] the particular count of the amended complaint to which each special defense is addressed. . . ." Greenberg v. Allen, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 159535 (April 1, 1999, Hickey, J.). A plaintiff can request, however, that the defendants "revise their answer and special defenses to comply with the rules of practice. See Practice Book § 10-35." Bonamico v.Middletown, Superior Court, judicial district of Middlesex at Middletown, Docket No. 74041 (June 4, 1999, Gordon, J.). If a plaintiff does not submit a request to revise, the court is still permitted to grant the plaintiffs motion to strike the special defenses. Id
The defendants fail to designate to which specific count in the amended complaint each special defense corresponds. The defendants' special defenses fail to comply with Practice Book § 10-51. . The motion to strike all five special defenses is granted for failure to comply with Practice Book § 10-51. CT Page 6366
 ORDER
The defendants' first special defense is stricken on the ground that § 52-572p is inapplicable under the facts as alleged in the complaint. The plaintiffs motion to strike all five of the defendants' special defenses on the ground that they fail to comply with Practice Book § 10-51 is granted.
 ___________________ Foley, J.