LaFayette F. Main *v.* Hibberd R. Norman, Adminis-
trator (Estate of Thomas B. Hewitt).

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued February 1—decided February 24, 1944.

*LaFayette F. Main,* pro se, the appellant (plaintiff).

*Richard L. Norman,* for the appellee (defendant).

Per Curiam. This action is brought against the de-
fendant as administrator of the estate of Thomas B.
Hewitt. The complaint alleges that the plaintiff and
"the estate of Thomas B. Hewitt" have ever since the
latter's death owned adjoining premises; that before
his death, one-half of the fence on the line between
the properties had been set to him to maintain; that,
because of the defendant's failure properly to maintain
the portion of the fence set to Hewitt, the plaintiff,
since Hewitt's death, has been deprived of the income
from his land and has lost a large number of sheep;
and that on August 31, 1942, the plaintiff presented to
the administrator a written claim for these damages
which was disallowed. At the close of the evidence
the trial court directed a verdict for the defendant and
from the refusal to set it aside the plaintiff has ap-
pealed.

Hewitt died June 6, 1921. The plaintiff, in his testi-
mony, admitted that the fence was in good order at

that time. Under the undisputed evidence he offered, the loss of sheep occurred in 1925, and his claim for loss of use of his land was, by the allegations of the complaint, for a period subsequent to Hewitt's death. Neither could afford the basis of a claim by the plaintiff against Hewitt's estate or of a suit by him against the administrator as such. A demand for damages due to a neglect such as that alleged in this case constitutes a claim against the estate of a deceased landowner only if the neglect occurred in his lifetime. The only matters arising out of the acts of an administrator for which an action lies against him as such are those "growing out of moneys paid or services rendered for the estate." General Statutes, § 5640. If the neglect in this case were that of the administrator, he could be sued only in his individual capacity, with the right on his part, should he be called upon to make payment, to claim a credit in his accounting to the Probate Court. *Hewitt* v. *Beattie,* 106 Conn. 602, 612, 138 Atl. 795. All other considerations aside, the plaintiff, for these reasons, was not entitled to recover in this action and the trial court committed no error in refusing to set the verdict aside.

There is no error.