MATTHEW A. MEES ET AL. *v.* THE WINTHROP BANK AND TRUST COMPANY ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 041299

Memorandum filed October 23, 1974

*Kalenak & Axelrod,* of Groton, for the plaintiffs.

*Brown, Jacobson, Jewett & Laudone,* of Norwich, for the defendant The Winthrop Bank and Trust Company, administrator, et al.

*Halloran, Sage, Phelon & Hagarty,* of Hartford, for the defendant Union Trust Company, administrator, et al.

*Waller, Smith & Palmer,* of New London, for the named defendant et al.

BARBER, J. The defendant Union Trust Company, as administrator c.t.a., has demurred to the complaint on the ground that where the neglect of an administrator in the administration of an estate is alleged, the administrator must be sued in his individual capacity and not as administrator.

The Union Trust Company is made a party not only as administrator but individually. The suit was originally brought against Winthrop Bank and Trust Company, which is alleged to have merged with the Union Trust Company subsequent to the claimed cause of action. See General Statutes § 36-92. The complaint alleges that the plaintiffs' damages were caused by the negligence of the administrator, individually and as administrator. The specifications of negligence involve certain violations of the state fire code.

As a general rule, it has been stated that a cause of action will lie against an administrator only in his individual capacity for an act of neglect on his part. *Palmer* v. *Hartford National Bank & Trust Co.*, 160 Conn. 415, 426; *Main* v. *Norman*, 130 Conn. 600, 601; 31 Am. Jur. 2d, Executors and Administrators, § 730; 33 C.J.S., Executors and Administrators, § 250; cf. *Parzych* v. *Branford*, 20 Conn. Sup. 377, 380; see General Statutes § 52-202; 2 Locke & Kohn, Conn. Probate Practice § 448; 3 Scott, Trusts (3d Ed.) § 265.4.

The modern trend has been to permit an action against an administrator in his representative capacity where it is equitable to do so. Restatement (Second), 2 Trusts § 271 A. In this case it appears that the alleged negligence was a common incident of the kind of business activity in which the administrator or its predecessor was properly engaged for the trust. The complaint alleges that the neglect arose out of the control of real property. Comment a of § 271 A of the Restatement of Trusts (Second) explains: "It is coming to be recognized that just as an agent or servant acting within the general scope of his authority can subject his principal to liability, so a trustee acting within the general scope of his authority can subject the trust estate . . . to

liability. . . . Under this principle the creditor is given a direct claim against the trust estate, enforceable by an action against the trustee in his representative capacity." This comment becomes particularly logical and appropriate in a situation such as that in this case, where the neglect alleged may be a continuing one from the lifetime of the decedent. The complaint must be tested on the facts provable under its allegations, including facts necessarily implied from other averments. *Wachtel* v. *Rosol,* 159 Conn. 496, 500. At this stage of the proceedings the court may not speculate on what evidence will be adduced at the trial. See *Carabetta* v. *Meriden,* 145 Conn. 338, 342.

Recent cases support the modern trend. *Vance* v. *Estate of Myers,* 494 P.2d 816, 820 (Ala.); *Bata* v. *Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 377, cert. denied, 409 U.S. 1108. Upon reason and principle, this jurisdiction should follow the rule of law enunciated in the Restatement.

Accordingly, the demurrer to the complaint is overruled.