[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Defendant Paula Watkins moves to dismiss the second, fourth, sixth, eight, tenth and twelfth counts of the plaintiff's complaint on the ground this court does not have subject matter jurisdiction of the claims set forth therein. The defendant argues that the time periods prescribed by General Statutes sections 45a-357 and 45a-375 are applicable to this case, that the time periods are substantive and jurisdictional prerequisites, and that this court lacks jurisdiction because the plaintiff failed to file suit within the statutory time periods. Because this court concludes sections 45a-357 and 45a-375
are not applicable to this case, the motion to dismiss is denied.
There is confusion as to the number of persons who are defendants in this case. Plaintiff Alvin Hunt commenced this lawsuit to recover compensation on behalf of his minor daughter, Alisha, for injuries she suffered from ingesting lead-paint chips and flakes while residing in premises located at 146 Beacon Street in Bridgeport. In addition to compensation for Alisha, the plaintiff seeks to recover damages for the expenditures he has made and will make for Alisha's medical treatment, educational needs and long term care. He also seeks to recoup rental payments he has made. Alisha resided in the premises from March of 1990 to April of 1992. The premises were purchased in 1962 by Bertha Condry, who remained the owner until her death which, according to a statement in the defendant's brief, occurred in May of 1989.
The plaintiff commenced this case by summoning one person to court, Paula Watkins. On the summons form, the plaintiff specified in the appropriate box that the action is brought against one defendant. In the original complaint, the plaintiff CT Page 14325 referred to "defendants" but only mentioned one person, Paula Watkins. In the caption of the complaint, the plaintiff referred to the defendant as "Paula Watkins, individually, and Paula Watkins as beneficiary of the Estate of Bertha Condry." The defendant requested the plaintiff to revise the complaint because "it is impossible to ascertain if the plaintiffs have brought this action against Paula Watkins, individually, and Paula Watkins as beneficiary of the estate of Bertha Condry, or just against Paula Watkins, individually." The plaintiff filed two amended complaints.
In the second amended complaint, the plaintiff sets forth three theories for recovery. In the first four counts, the plaintiff alleges claims based on negligence, i.e., a failure to maintain the premises free of lead. In the fifth through eighth counts, the plaintiff alleges claims under the Connecticut Unfair Trade Practices Act, General Statutes sections 42-110(a) et. seq. In the ninth through twelfth counts, the plaintiff alleges claims based on a breach of an implied warranty of habitability. The odd numbered counts of the complaint are directed against "Paula Watkins, individually." The even numbered counts, which repeat the allegations in the odd numbered counts, are directed against "Paula Watkins, as beneficiary of the Estate of Bertha Condry."
The defendant has filed two answers to the complaint. The first answer was filed under the name of "Defendant, Paula Watkins, individually." In this answer, the defendant responds to the odd numbered counts and asserts that the even numbered counts "are not addressed to this defendant." The second answer was filed under the name of "Defendant, Paula Watkins, as Beneficiary of the Estate of Bertha Condry." In this answer, the defendant responds to the even numbered counts and asserts that the odd numbered counts "are not addressed to this defendant." The second answer also contains two special defenses. In the first special defense, the defendant alleges that counts two, four, six, eight, ten, and twelve are "barred by Gen. Stat. sec. 45a-375 as such claims arose after the death of Bertha Condry but were not instituted within two years of such date." In the second special defense, the defendant alleges the first, third, fifth, seventh, ninth, and eleventh counts "are barred by Conn. Gen. Stat. sec. 45a-357 as the plaintiffs had notice of the probate proceedings concerning the estate of Bertha Condry, but failed to file a claim with the Estate within the time allowed." CT Page 14326
What has occurred is that the parties have created an artificial person, i.e., "Paula Watkins, as beneficiary of the Estate of Bertha Condry." Despite this artifice, there is only one Paula Watkins and, therefore, only one defendant, i.e., Paula Watkins.
Apparently, the defendant construes the plaintiff's claims as being brought in part under section 45a-368. When a person has a claim against a decedent or the decedent's estate and the assets of the estate have been distributed, the claimant may pursue an action under 45a-368 against a beneficiary to the extent of the fair market value of the property received by the beneficiary. The defendant's special defenses are based on statutes which limit or bar such claims. Section 45a-357 sets forth a notice procedure which may be followed by the fiduciary of an estate. If a creditor does not present notice of the claim within the time specified in the notice, the claim is forever barred. Lawsuits on claims "commenced against the fiduciary, the estate of the decedent, or any creditor or beneficiary of such estate. . ." may also be limited by section45a-375. This latter section sets forth statutes of limitations for claims against a decedent which arose before or after the death of the decedent.
The plaintiff is not a person who had a claim against the decedent or against the estate of the decedent and who is now trying to hold a beneficiary liable under section 45a-368 to the extent of the fair market value of the assets received by the beneficiary. The defendant states in her brief that Bertha Condry died in May of 1989. The plaintiff alleges that the child lived in the premises from March of 1990 until April of 1992. The child's injuries occurred subsequent to Bertha Condry's death. Liability for injuries due to disrepair depends upon possession or control. "[A] neglect such as that alleged in this case constitutes a claim against the estate of a deceased landowner only if the neglect occurred in . . . [her] lifetime." Main v. Norman, 130 Conn. 600, 601 (1944) (emphasis added). If the neglect occurs after the death of the decedent, the injured person must look to the person who controlled the premises at the time of the injury. Thus, an executor or administrator can be held liable in his or her individual capacity for injuries occurring on premises controlled and managed by the fiduciary. Ziulkowski v. Kolodziej,119 Conn. 230 (1934). The pleadings do not state whether Paula Watkins CT Page 14327 was the fiduciary of the estate. The plaintiff does, however, allege that Paula Watkins inherited the property. "[T]he law is that title to real estate passes to the heirs or devisees at death, subject to the statutory right to come upon it in the course of administration when needed for debts and expenses, and subject to the statutory right of the executor or administrator (except in the case of specific devises) to custody and control. . . ." Wilhelm, Conn. Estate Practices, Settlement of Estates sec. 103 (1974). Paula Watkins' liability can only be based on her ownership and control of the property. Sections45a-357 and 45a-375 do not apply to this case.
Because sections 45a-357 and 45a-375 do not apply, it is not necessary for this court to determine whether these statutes set forth substantive and jurisdictional prerequisites. This court has jurisdiction of the plaintiff's claims. Accordingly, the motion to dismiss is denied.
THIM, J.