[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:DEFENDANT'S MOTION TO DISMISS (NO. 101)
I
This is an action by the beneficiaries of an estate claiming negligence of the successor executor for failing to assert claims of the estate for losses caused by the negligence of the predecessor executor and for failing to assert a claim to recover certain fees paid from the estate to said prior executor. The defendant filed a motion to dismiss the complaint. He claims first that because the suit was brought against him individually, and not in his representative capacity, the court lacks personal jurisdiction. The defendant also argues that the issues underlying the plaintiffs' claims have already been conclusively decided as between these parties by the Probate Court, and, therefore, this court lacks subject matter jurisdiction. The defendant's motion to dismiss must be denied for the reasons set forth below.
Executors may be sued in their individual capacity for negligence committed while acting in that capacity. Further, the defendant's claim of lack of subject matter jurisdiction sounds in res judicata, which does not provide a basis for a motion to dismiss.
 II
The plaintiff's complaint alleges that Eugene Chartier died testate on October 26, 1989, that Herman Chartier was appointed executor of the decedent's estate on March 21, 1991, and that the plaintiffs are beneficiaries of said estate. They further allege that Herman Chartier was aided by his son, Mark Chartier, in the administration of the decedent's estate, and that they caused the estate to suffer $29,600 in penalties and interest for negligently failing to file state and federal income tax returns. The complaint further alleges that Herman Chartier nonetheless paid himself fees of $12,000 out of the decedent's estate for his services as executor despite causing CT Page 1147 losses to the estate. The complaint alleges that the defendant was appointed successor executor of the decedent's estate on November 11, 1991, due to the death of Herman Chartier, that the defendant failed to file a claim on behalf of the decedent's estate against the estate of said Herman Chartier to recover the fees, and that the defendant also failed to file a claim on behalf of the decedent's estate to recover the interest and penalties caused by the Chartiers' failure to properly file tax returns on behalf of the estate. The complaint finally alleges that a rented farmhouse constituted part of the assets of the decedent's estate, that the tenants of the farmhouse were evicted for nonpayment of rent, and that the defendant failed to file an action to recover of these unpaid rents on behalf of the estate.
The defendant filed the present motion to dismiss the complaint on the grounds of lack of personal and subject matter jurisdiction. The parties have each filed a memorandum of law. The defendant has also filed copies of certain probate documents in support of his motion.
 III
I first deal with the plaintiffs' failure to timely file a memorandum objecting to the defendant's motion. The motion was argued at short calendar on October 16, 1995. The plaintiffs, however, did not file their opposing memorandum until after the hearing. Practice Book § 143 states that a party opposing a motion to dismiss "shall, at least five days before the motion is to be considered on the short calendar file and serve . . . a memorandum of law . . . ." Prior to 1989, such a failure constituted consent to the motion and the court was required to grant it. Burton v. Planning Commission,209 Conn. 609, 610 (1989). The mandatory language, however, was removed from § 143 by a 1989 amendment, and the court may exercise its discretion in such situations. Soiltesting, Inc.v. Milton Bernar, 7 Conn. L. Rptr. 553 (November 4, 1992, McGrath, J.). This court, therefore, will consider the merits of the defendant's motion.
 IV
A motion to dismiss properly attacks the court's jurisdiction to hear a particular case when "[a] plaintiff cannot as a matter of law and fact state a cause of action that CT Page 1148 should be heard by [this] court." Gurliacci v. Mayer, 218 Conn. 531,544 (1991). The three separate elements of jurisdiction of a court are: jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render a particular judgment. Castro v. Viera, 207 Conn. 420, 433 (1988). In ruling upon a motion to dismiss, "the complaint [is to be] construed most favorably to the plaintiff." American LaundryMachinery, Inc. v. State, 190 Conn. 212, 217 (1983). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). "[E]very presumption is to be indulged in favor of jurisdiction." Gurliacci v. Mayer, supra, 218 Conn. 543.
In the present case, the defendant first argues that this court lacks personal jurisdiction over him. Personal jurisdiction is the power of the court to subject an individual to a judgment in personam, a judgment which effects one's personal rights. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 51-52 (1983). The plaintiffs' complaint names the defendant only in his individual capacity. The defendant argues that since the complaint alleges only negligence by him in his capacity as executor, the plaintiffs may only sue him in his fiduciary capacity. In other words, he maintains that the complaint must name him as executor of the estate.
"The proper form of action on a claim against an estate arising before death is against the executor or administrator as such. On the other hand, an action on causes of action arising after death by reason of the fiduciary's dealings with the assets is, apart from statute, against the executor or administrator individually. G. Wilhelm, R. Folsom,Connecticut Estates Practice, Settlement of Estates § 273. "The only matters arising out of the acts of an administrator for which an action lies against him as such are those growing out of moneys paid or services rendered for the estate. "If the neglect in this case were that of the administrator, he could be sued only in his individual capacity, with the right on his part, should he be called upon to make payment, to claim a credit in his accounting to the Probate Court." (Emphasis added.) Main v. Norman, 130 Conn. 600, 601 (1944). In the case of Mees v. Winthrop Bank Trust Co., 31 Conn. Sup. 407, 408
(1974), the court said, "[a]s a general rule, it has been stated that a cause of action will lie against an administrator only in his individual capacity for an act of neglect on his part." CT Page 1149 (Emphasis added.). "The modern trend has been to permit an action against an administrator in his representative capacity where it is equitable to do so." Id. These decisions do not, as argued by the defendant, require a fiduciary to be sued only in his or her representative capacity for acts of negligence while administering the estate. In fact, they hold the opposite. Therefore, I conclude that the defendant in the present action may be sued in his individual capacity for acts of negligence committed while acting as executor of the decedent's estate. G. Wilhelm, et al., supra, § 273. It follows that this court has personal jurisdiction over the defendant.
 V
The defendant also argues that this court lacks subject matter jurisdiction over the present action. Subject matter jurisdiction "is the power of the court to hear and decide cases of the general class to which the proceedings in question belong." Gurliacci v. Mayer, supra, 218 Conn. 542. The absence of subject matter jurisdiction cannot be conferred upon a court by the parties, either by waiver or consent, and must be addressed immediately before the action proceeds any further. Sadloski v. Manchester, 228 Conn. 79, 84 (1993).
The defendant presents copies of documents from the Probate Court of Canterbury, Connecticut, that establish that, after a hearing on the matter, the court accepted his interim accounting, and that the plaintiffs had notice of said hearing. (Defendant's Exhibit A.). The defendant argues that, since the plaintiffs failed to object at the time of the hearing or to appeal the Probate Court's decision thereafter, their rights against the defendant with respect to issues involving the interim accounting have been conclusively decided and may not be relitigated.
"The superior court [is] the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute." General Statutes § 51-164s. The plaintiffs in the present case have filed a civil action. Therefore, this court has jurisdiction over the plaintiffs' claims. § 51-164s.
General Statutes § 45a-24, however, states in CT Page 1150 pertinent part that "[a]ll orders, judgments and decrees of courts of probate rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." See also General Statutes § 45a-175(a) and (f). The plaintiffs' complaint includes assertions that the defendant should have made claims on behalf of the estate for repayment of executor's fees and the $29,600 in tax penalties caused by Herman Chartier and his son, and for the unpaid rentals. These claims could have been presented to the probate court, and still may be, as the record indicates, that so far only the successor executor's interim accounting was heard and approved, and no final accounting was exhibited to the Probate Court. The defendant's claim that the plaintiffs' suit is based on issues that may have been already decided by the Probate Court's acceptance of the interim accounting may have some merit. § 45a-24. However, it is unnecessary to decide this claim now, nor is it ripe for such resolution. The essence of the defendant's claim for dismissal is res judicata. "Res judicata does not provide the basis for a judgment of dismissal." Labbe v. Pension Commission, 229 Conn. 801, 816
(1994). Res judicata is a special defense which "is [only] considered after any jurisdictional thresholds are passed." Id. Therefore, the defendant's motion to dismiss must be, and is, denied.
Teller, J.