[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT (#129)
The defendant, Anthony D'Amelio, Administrator of he Estate of Gregory Klepach, has initiated this Motion for Summary Judgment. This claim for personal injuries was brought pursuant to Section 22-357 by a representative of a minor child, Colleen Scoran, hereinafter the plaintiff. It is the plaintiff's claim against this defendant that she was bitten by a dog whose "keeper" was Anthony D'Amelio, Administrator of the Estate of Gregory Klepach, and therefore, the Estate is responsible for the injuries she sustained. Under Section 22-357, an owner or "keeper" of a dog who does damage to another is responsible for that damage. It is the plaintiff's claim that D'Amelio was the "keeper" of the dog, and because he was also the Administrator of the Estate of Gregory Klepach, living in at the home located at 66 Sunnybrook Bend, Waterbury, that was owned by Gregory Klepach at the time of his death, that the "Estate" was vicariously liable to the plaintiff for her injuries.
Identical Counts Three and Four of the complaint, dated July 20, 1993, are directed at D'Amelio, Administrator of the Estate of Klepach. It alleges that the premises at which the incident occurred was owned by the decedent prior to his death; that D'Amelio was appointed as the Administrator of the Estate of Klepach; and Paragraph 5 alleges the Estate of Klepach and D'Amelio, Administrator of the Estate "allowed the dog on said premises." Paragraph 6 alleges that Estate of Gregory Klepach CT Page 1391 was the keeper of the dog.
These facts are undisputed: D'Amelio was and is the Administrator of the Estate of Gregory Klepach. D'Amelio was residing in a home that was owned by the decedent, Klepach, prior to his death, and known as 66 Sunnybrook Bend, Waterbury. D'Amelio was paying rent to the Estate for his occupancy of the house. At the time of the incident in question, Anthony D'Amelio's daughter, Tracey D'Amelio, was residing at 66 Sunnybrook Bend with her father and her daughter, Cassandra. Tracy D'Amelio owned a dog which also resided with her at 66 Sunnybrook Bend. It was this dog that on or about July 18, 1992, bit the plaintiff while she was on the premises at 66 Sunnybrook Bend. Although the parties dispute the involvement of D'Amelio in the care and control of the dog, D'Amelio does admit in his affidavit of August 30, 1995 that he may have fed the dog, tied it up and commanded the dog. In the plaintiff's affidavit, dated September 19, 1995, she claims that D'Amelio brings the dog in the house, puts him in the garage, and that the dog responded to his commands.
The plaintiff may withstand this motion for summary judgment only if the court finds that there are sufficient facts alleged that will sustain the plaintiff's claim that 1) D'Amelio was the "keeper" of the dog, and 2) that, in addition, he was acting in his capacity as Administrator of the Estate of Gregory Klepach, or 3) in the alternative, that D'Amelio, Administrator of the Estate of Gregory Klepach, acted as the Landlord, and as such, could be held responsible if he, as Administrator — Landlord, allowed the dog to roam on the premises, causing injury to the plaintiff. Buturla v. St. Onge, 9 Conn. App. 495.
A motion for summary judgment should only be granted if there is no issue of a material fact and the moving party is entitled to a judgment as a matter of law. Honan v. Greene,37 Conn. App, 137, 140. The court must view all evidence in a light most favorable to the nonmoving party. Id., 140. The plaintiff's affidavit, dated September 18, 1995, with the D'Amelio admissions in his own affidavit viewed in the light most favorable to the plaintiff, is sufficient for the purpose of this motion to establish that D'Amelio was the keeper of the dog.
Assuming that D'Amelio was the keeper of the dog, the critical issue to the plaintiff's claims against the estate is CT Page 1392 one of law and is appropriate for summary judgment. The issue is whether an estate may be liable because its administrator was found to be a keeper of a dog on estate premises which caused injury to the plaintiff, pursuant to Connecticut's dog bite statute. The plaintiff's two claims, 1) that D'Amelio acted in his representative capacity, and 2) that as landlord, D'Amelio allowed the dog to roam on the estate premises, are controlled by the case of Main v. Norman, 130 Conn. 600. Main involved an administrator of an estate who was found to have negligently failed to maintain a fence on the premises of an estate, which caused damages to the plaintiff's property. The Connecticut Supreme Court found that
 [a] demand for damage due to a neglect . . . as alleged in this case constitutes a claim against the estate of the deceased landowner only if the neglect occurred in his lifetime. The only matters arising out of the acts of an administrator for which an action lies against him are those growing out of monies paid or services rendered of the estate.
Id. at 601 (emphasis added).
While the dog bite statute does not involve the issue of negligence, but strict liability, Main v. Norman controls the issue. The keeping of the dog on the estate property did not occur during the lifetime of the decedent. Similar to the facts of Main, Mr. D'Amelio kept a dog on the premises of the estate, which caused injury to the plaintiff. Mr. D'Amelio may only be sued in his individual capacity. Id. at 601.
In addition, it seems that under Paragraph 5, the plaintiff is alleging that D'Amelio, as keeper, was acting as the agent of the Estate. The plaintiff confirms this in his brief dated October 4, 1995, where he states that D'Amelio, as Administrator, was acting as the agent and servant of the Estate as principal should be responsible to the plaintiff. It is true that under Section 45a-321, an Administrator has possession, care and control of the decedent's real property. It is the law of this State that an "administrator" of a decedent's estate does not have title to real property, but title passes to the heirs subject to the right of administration. (citations omitted.) Claydon v. Finizie, 7 Conn. App. 522, 524. The Administrator does not have title to the property and the right of his possession and control "is in him only as a fiduciary for CT Page 1393 those interested in the estate." O'Connor v. Chiascione,130 Conn. 304, 306. The Administrator is "not the agent of the heirs; he does not derive his power from them and he is not subject to their control." Id. at 307. There is no legal basis to impute the individual liability of D'Amelio as keeper of the dog upon the Estate merely because he was, at the time of the incident, the Administrator of the Estate, who happened to be living in a home the title of which already had passed to the heirs of the decedent. He was not the agent of the heirs nor was he acting on behalf of the estate as a keeper of a dog living in premises as a tenant owned by the heirs. His fiduciary duty as Administrator of the Estate to control the real property is limited "only for the purpose making it or the income from it available to meet charges against the estate."Id. 308. He was not exercising his fiduciary duty as keeper of the dog.
The alternate theory of liability advanced by the plaintiff is somewhat convoluted. The plaintiff argues that D'Amelio, as the Administrator, was the "landlord" of the property and he leased the property to himself; that in his position as Administrator — landlord, D'Amelio, who also was the keeper of the dog, would be responsible to the plaintiff under the same theory that was advanced in Bailey v Desanti, 36 Conn. Sup. 156. The court in that case found that the landlord has harbored the dog by allowing him to roam in a common area of the leased premises and therefore he was a "keeper" under the dog bite statute, and found that the landlord was responsible to the injured party. The court in Bailey found the landlord was the father-in-law of the tenant who owned the dog. The landlord lived on the premises and the dog was kept in the back yard, which the court found was not a part of the leased premises, but at most, available to the tenant for use in common with the landlord. The court found that the landlord gave refuge to the dog and was the keeper, thus liable to the injured. For the purposes of this motion, D'Amelio was the keeper, but he was not the landlord. The owners of the property were the heirs of the estate. The Administrator had authority to lease the property, but only during the settlement of the estate. He did not reside on the property as Administrator of the estate; he resided there as a tenant. The plaintiff's theory that D'Amelio wore two hats and with the hat, Administrator — Landlord — keeper, should be liable to the plaintiff is untenable. D'Amelio was not the Landlord, nor was he keeper as the Administrator. His duty as Administrator was to make the real estate and the income from it CT Page 1394 available to the heirs. He was not authorized as Administrator to live on the premises. The plaintiff's alternative theory of liability would not withstand a directed verdict.
For the reasons discussed within, the court hereby grants the defendant's motion for summary judgement against the plaintiff, in favor of the defendant, Anthony D'Amelio, Administrator of the Estate of Gregory Klepach.
/s/ Pellegrino, J. ------------------ PELLEGRINO