[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
On June 19, 1995, the plaintiffs, Linda and John Neylan, filed a two count complaint against the defendant, Attorney Irving Pinsky alleging a cause of action for legal malpractice in the first count, and a cause of action under CUTPA in the second count. The following facts appear in the plaintiffs' complaint.
The plaintiffs hired the defendant to represent them in a personal injury suit seeking recovery for injuries that Linda Neylan allegedly received from defective bleachers at the Shelton High School on June 19, 1990. The plaintiffs brought an action against the City of Shelton and the Shelton Board of Education. In the fifth count of the plaintiffs' revised complaint, the plaintiffs sued the City of Shelton and the Shelton Board of Education under General Statutes § 7-465.[1] On March 12, 1996, the court in Neylan v. City of Shelton, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 039933 (March 12, 1996, Ripley, J.) granted the City of Shelton's and Shelton Board of Education's motion for summary judgment on Linda and John Neylan's action under General Statutes § 7-465
because the plaintiffs did not specifically allege which municipal employee was negligent[2].
The plaintiffs brought the present action against Attorney Pinsky for legal malpractice. According to the plaintiffs, Attorney Pinsky committed malpractice by failing to conduct a proper investigation into Linda's personal injury case to determine the employee in charge of the bleacher area at the high school, therefore causing the plaintiffs to lose their action under § 7-465. The plaintiffs claim they have incurred damages due to Attorney Pinsky's malpractice because, instead of bringing a straightforward negligence and indemnification action under § 7-465, they now must prosecute a more complicated action directly against the City of Shelton and the Board of Education to recover for Linda's personal injuries.
On June 4, 1996, in the case before this court, the defendant filed a motion for summary judgment and a supporting memorandum of law. In support of his motion, the defendant argues that the plaintiffs previously brought this malpractice action against this defendant and, on November 30, 1993, the court, Zoarski, J., dismissed the case on the grounds that it lacked subject matter jurisdiction. Neylan v. Pinsky, Superior Court, judicial district of New Haven, Docket No. 347072 (November 30, 1993, Zoarski, J.). According to Judge Zoarski, the underlying tort action was still CT Page 6192 pending, and therefore, the plaintiffs' malpractice case was premature, and, thus, not ripe, since the plaintiffs may still be able to recover for Linda's injuries despite the defendant s alleged malpractice. Id. The defendant now argues that the court should grant the present motion for summary judgment on the same grounds. Additionally, the defendant contends that the court should dismiss the plaintiffs' CUTPA action since this claim is connected with the malpractice action.
On June 27, 1996, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment, arguing that they have incurred a present loss because they cannot proceed under a less complicated means of recovery pursuant to § 7-465 in the underlying action. Accordingly, the plaintiffs contend that their malpractice and CUTPA actions are ripe, and, therefore, the court possesses subject matter jurisdiction over their case.
Although the defendant raises his claim that the court lacks subject matter jurisdiction in a motion for summary judgment, the court will treat the defendant's motion for summary judgment as a motion to dismiss since a claim of lack of subject matter jurisdiction is properly brought by a motion to dismiss pursuant to Practice Book § 143. Cummings v. Tripp, 204 Conn. 67,74-75 (1987). In reviewing a motion to dismiss, "every presumption favoring jurisdiction should be indulged." Connecticut Light Power Co. v. Castle, 179 Conn. 415, 421 n. 3 (1980). "When a motion to dismiss does not . . . introduce facts outside of the record it . . . admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American LaundryMachinery, Inc. v. State, 190 Conn. 212, 217 (1983). The moving party on a motion to dismiss bears the burden of proof. GardenMutual Benefit Assn. v. Levy, 37 Conn. Sup. 790, 791 (1981).
Practice Book § 143 provides that a claim of lack of subject matter jurisdiction may be raised in a motion to dismiss. "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." Lewis v. Gaming Policy Board, 224 Conn. 693, 698
(1993). "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Golden Hill Paugussett Tribeof Indians v. Southbury, 231 Conn. 563, 570 (1995). "The Superior Court lacks subject matter jurisdiction only if it has no CT Page 6193 competence to entertain the action before it." Bridgeport v.Debek, 210 Conn. 175, 180 (1989).
If the plaintiffs have not suffered a present loss, then their malpractice claim is premature and not ripe. Neylan v.Pinsky, Superior Court, judicial district of New Haven, Docket No. 347072 (November 30, 1993, Zoarski, J.); Heritage SquareAssociates v. Blum, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 117855 (July 21, 1992, Nigro. J., 7 CSCR 992). The superior court is deprived of subject matter jurisdiction if the claim is not ripe, and therefore, not justiciable. Greenwich Plaza v. Whitman and Ransom, Superior Court, judicial district of Stamford-Norwalk at Norwalk Housing Session, Docket No. 054081 (March 19, 1996, Tierney, J.), citing,Sadloski v. Manchester, 228 Conn. 79, 83 (1993). A legal malpractice action is premature, and, therefore, not ripe "if an alternate and viable remedy is available to the plaintiff on the underlying suit, regardless of the defendant attorney's alleged malpractice." Neylan v. Pinsky, Superior Court, judicial district of New Haven, Docket No. 347072 (November 30, 1993, Zoarski, J.).
While the plaintiffs lost their cause of action under §7-465 in the underlying personal injury suit, their direct actions against the Town of Shelton and the Shelton Board of Education survived the motion for summary judgment. Neylan v.City of Shelton, Superior Court judicial district of Ansonia/Milford, Docket No. 039933 (March 12, 1996, Ripley, J.) (holding that the plaintiffs' action against the Town of Shelton and the Shelton Board of Education may remain since a question of fact exists as to whether these defendants possess governmental immunity.) Since the plaintiffs may still recover for their injuries in the underlying personal injury action, the plaintiffs have not suffered a present loss due to Attorney Pinsky's alleged malpractice, and, thus, the plaintiffs' malpractice action is not ripe. The court, therefore, lacks subject matter jurisdiction over count one of the plaintiffs' complaint and this count is dismissed.
In count two of the complaint, the plaintiffs allege that the defendant's actions constitute a violation of CUTPA under General Statutes § 42-110g, and that due to this violation, the plaintiffs have suffered a substantial loss. The plaintiffs allege that the defendant continuously and incorrectly advised them that they possessed a viable cause of action against the Town of Shelton employee, despite not knowing the identity of CT Page 6194 such employee. Section § 42-110g(a) provides that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides . . . to recover actual damages." "The policy behind CUTPA is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices." Hernandez v. Monterey Village AssociatesLimited Partnership, 17 Conn. App. 421, 425 (1989).
Although the plaintiffs may still recover for their injuries in the underlying personal injury lawsuit, the plaintiffs may bring a lawsuit against Attorney Pinsky alleging that his actions constituted unfair or deceptive trade practices and that the plaintiffs incurred other damages separate from the alleged injuries received from Attorney Pinsky's alleged malpractice. These other damages stem, not from the malpractice, but from Attorney Pinsky's alleged violation of CUTPA. Even if the plaintiff recovers for her injuries in the underlying personal injury action, she may still have an action under CUTPA to recover for any losses stemming from the alleged violation. The defendant did not move to strike the CUTPA claim, nor did he request the plaintiffs to revise their complaint to specifically plead the types of damages incurred as a result of the alleged CUTPA violation. Therefore, the court, by reading the complaint in the manner most favorable to the plaintiffs, must construe the plaintiffs' CUTPA claim in a broad manner and infer that the plaintiffs have already incurred a loss due to the violation. Whether Attorney Pinsky's actions constituted a violation of CUTPA and whether the plaintiffs suffered damages as a result are all questions over which this court possesses jurisdiction. Since the plaintiffs have alleged that the defendant violated CUTPA and that the plaintiffs incurred substantial damages as a result, the court possesses jurisdiction over the second count of the plaintiffs' complaint, and, therefore, the court will not dismiss this count.
Freedman, J.