[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On August 7, 1993, the plaintiff, attorney Peter A. Tomback, filed an amended complaint alleging attorney malpractice against the defendant Henry Lyons, III. The plaintiff alleges the following facts. The defendant was hired by the plaintiff to represent the plaintiff and his client, RCI, in a mortgage transaction. The defendant acted negligently by failing to record the mortgage of RCI in a timely manner. As a result, RCI's CT Page 9138 security has been impaired and RCI has given notice that it will sue the plaintiff. The plaintiff alleges that he has incurred and will incur damages.
On January 3, 1997, the defendant filed a motion to dismiss along with an accompanying memorandum. The defendant moves to dismiss on the ground that the court lacks subject matter jurisdiction in that the action is not ripe for adjudication. The plaintiff filed a memorandum of law in objection on February 3, 1997.
"The lack of subject matter jurisdiction is properly raised in a motion to dismiss. P.B. § 142. Ripeness is a matter of subject matter jurisdiction because a claim that is not ripe is not justiciable. Cf. Sadloski v. Manchester, 228 Conn. 79, 83,634 A.2d 888 (1993) (standing, which is also an issue of justiciability, invokes subject matter jurisdiction)." Kurtz v. Barbieri, Superior Court, judicial district of New Haven at New Haven, Docket No. 364865 (March 20, 1996, Sullivan, J.). See also Mayer v. Biafore,Florek O'Neill, 45 Conn. App. 554, ___ A.2d ___ (1997) (affirming trial court's dismissal of action for lack of subject matter jurisdiction on the basis of ripeness).
"Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . .; (2) that the interests of the parties be adverse . . .; (3) that the matter in controversy be capable of being adjudicated by judicial power . . .; and (4) that the determination of the controversy will result in practical relief to the complainant." Pellegrino v.O'Neill, 193 Conn. 670, 674, 480 A.2d 476, cert. denied,469 U.S. 875, 105 S.Ct. 236, 83 L.Ed.2d 176 (1984). The burden of proving the lack of subject matter jurisdiction lies with the party asserting it. Brown v. Brown, Superior Court, judicial district of Waterbury, Docket No. 92737 (December 4, 1991, Barnett, J.).
The defendant argues that the plaintiff has not yet suffered damages from the defendant's alleged negligence. The plaintiff has stated that he has not yet been sued by RCI. (Memorandum in Support of Motion to Dismiss: Plaintiff's Answers to Defendant's Request for Interrogatories and Production.) The defendant asserts that it has not been established that RCI has been damaged. The defendant contends that the issue will not be resolved until the pending foreclosure litigation on the property subject to the RCI mortgage is completed. (Memorandum in Support, pp. 1-2.) The defendant argues that the plaintiff "alleges only that he `may' CT Page 9139 suffer damages on account of [the defendant's] negligence in the event he is required to pay money to RCI." (Memorandum in Support, p. 2.) The defendant relies upon superior court cases in which the court dismissed legal malpractice claims on the ground that the plaintiff still had viable alternative causes of action against third parties, despite the defendant attorney's alleged malpractice. See Neylan v. Pinsky (Neylan I), Superior Court, judicial district of New Haven at New Haven, Docket No. 375268 (October 18, 1996, Freedman, J.) (18 Conn. L. Rptr. 30); Neylan v.Pinsky (Neylan II), Superior Court, judicial district of New Haven at New Haven, Docket No. 347072 (December 6, 1993, Zoarski, J.);Heritage Square Associates v. Blum, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 117855 (July 21, 1992, Nigro, J.) (7 C.S.C.R. 992).
The plaintiff argues that here, there are no viable remedies because the statutes of limitation have already or will shortly run on alternative tort and contract causes of action against the defendant. The plaintiff relies on Major Machinery Corp. v.Grafstein, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519458 (September 29, 1993, Corradino, J.) (8 C.S.C.R 1072).
The cases relied upon by the defendant and the plaintiff are inapposite. The motion to dismiss will be denied on the ground that the plaintiff has alleged damages which do not depend upon the outcome of the foreclosure suit or being sued by RCI.
In Heritage Square Associates v. Blum, supra, 7 C.S.C.R. 992, the plaintiff brought a legal malpractice action against the defendants, alleging that they had failed to inform the plaintiff of the statute of limitations for bringing a legal malpractice claim against a former attorney. The court granted the defendants' motion to strike the complaint on the ground that it failed to state a cause of action "because the plaintiff has a remaining alternative and viable remedy [in breach of contract] against its former attorney regardless of the defendants' alleged negligence and the plaintiff has not pleaded that it is barred from such relief by the defendants' negligence." Id., 995.
In Neylan I, supra, Superior Court, Docket No. 347072, the court held that "[a] legal malpractice claim is `premature' if an alternate and viable remedy is available to the plaintiff on the underlying suit, regardless of the defendant attorney's alleged negligence." Because the plaintiffs' underlying claim was still CT Page 9140 pending, the court dismissed the complaint. Id.
In Neylan II, supra, 18 Conn. L. Rptr. 30, the plaintiffs again brought a legal malpractice action against the defendant attorney, claiming that they incurred damages because their cause of action for personal injuries was made more difficult by the defendant's malpractice. The court held, "[s]ince the plaintiffs may still recover for their injuries in the underlying personal injury action, the plaintiffs have not suffered a present loss due to Attorney Pinsky's alleged malpractice, and, thus, the plaintiffs' malpractice action is not ripe." Id., 31.
By contrast, the court held in Major Machinery Corp. v.Grafstein, supra, 8 C.S.C.R 1072, that the plaintiff had suffered a loss where the plaintiff could no longer pursue a well defined claim due to the defendant's malpractice. The court acknowledged that other claims could be pursued against the primary wrongdoers, but asserted that "[i]t would not be fair to require a plaintiff to pursue a difficult or will of the wisp claim against a prior wrongdoer before it can litigate a more straightforward claim against the party which it determines can more easily make it whole." Id. The court further stated: "Perhaps there is a simpler reason why the court cannot grant the motion to dismiss. . . . The statute of limitations against [the underlying wrongdoers] appear to have run out on the other causes of action suggested by the defendants. There is in effect no viable alternative remedy. . . ." Id., 1073.
These cases are not applicable here. The plaintiff is not alleging attorney malpractice in that the defendant lost him a cause of action; the plaintiff does not have an underlying cause of action. The plaintiff may have other causes of action against the defendant, i.e. tort or contract claims, although it is not clear whether those actions would be viable.[1] These alternative theories of recovery against the defendant are not analogous to an alternate, viable claim against the primary wrongdoer, the success of which might effectively nullify the malpractice of the attorney.
Construing the facts most favorable to the pleader, the plaintiff has alleged present injury and thus the claim is ripe.[2]
The plaintiff has alleged that he "has incurred, and will incur, attorney's fees and costs and expenses, and he may be required to pay money to RCI if there is inadequate security for the RCI mortgage." (Amended Compliant, ¶ 11.) The court, in deciding a motion to dismiss, "must consider the allegations of the complaint CT Page 9141 in their most favorable light." Savage v. Aronson, 214 Conn. 256,264, 571 A.2d 696 (1990). Although the defendant argues that all of the damages alleged by the plaintiff are future losses dependant on litigation by third parties, the plaintiff has clearly alleged that he has already incurred losses.[3] Whether the other losses alleged are impermissibly speculative does not go to subject matter jurisdiction and cannot be decided on a motion to dismiss. Therefore, the defendant has failed to show that the court lacks subject matter jurisdiction because the present action is not ripe. Accordingly, the defendant's motion to dismiss (#116) will be denied.
So ordered.
MICHAEL HARTMERE JUDGE OF THE SUPERIOR COURT