******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SANDRA L. IGERSHEIM *v.* TIFFANY M. BEZRUTCZYK
## (AC 41738)

Keller, Bright and Beach, Js.

*Syllabus*

The plaintiff grandmother filed a petition for visitation with her grandchild, the defendant mother's minor child, pursuant to statute (§ 46b-59). A guardian ad litem was appointed for the minor child. The trial court granted the petition, concluding that the plaintiff had proven by clear and convincing evidence that a parent-like relationship existed and that denial of visitation would cause real and significant harm to the minor child. The defendant appealed to this court and claimed that the trial court erred in a number of its rulings. The guardian ad litem claimed on appeal, inter alia, that the trial court lacked subject matter jurisdiction to consider the petition. *Held*:

1. The trial court did not have subject matter jurisdiction over the plaintiff's petition for visitation, as the petition lacked the specific allegations necessary to meet the jurisdictional thresholds of § 46b-59 (b); the plaintiff's petition did not contain the required specific, good faith allegations of real and significant harm, in that other than a general statement that denial of visitation would jeopardize a relationship with the minor child's grandparents, the petition contained no specific references to harm, much less specific allegations of harm that the minor child would endure if visitation were denied.

2. This court declined to review the defendant's claims, the defendant having failed to adequately brief those claims.

Argued February 5—officially released May 26, 2020

*Procedural History*

Petition for visitation with the defendant's minor child, brought to the Superior Court in the judicial district of Tolland, where the court, *K. Murphy, J.*, granted the plaintiff's petition and rendered judgment thereon; thereafter, the court granted the plaintiff's motion for reconsideration, and the defendant appealed to this court. *Reversed*; *judgment directed*.

*Keith Yagaloff*, for the appellant (defendant).

*Maria F. McKeon*, for the appellee (plaintiff).

*David A. McGrath*, with whom was *Justine Rakich-Kelly*, guardian ad litem, for the appellee (guardian ad litem).

*Opinion*

BEACH, J. The defendant, Tiffany M. Bezrutczyk, appeals from the trial court's judgment granting the petition filed by the plaintiff, Sandra L. Igersheim, for visitation with her grandson, the defendant's minor child. The defendant claims that the court erred in a number of its rulings. We conclude that the defendant did not adequately brief these claims and, therefore, we decline to review them. See *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014). We do, however, consider the claims raised in the brief of the court-appointed guardian ad litem[1] that the court (1) lacked subject matter jurisdiction to consider the petition, (2) improperly concluded that the denial of visitation to the plaintiff would cause real and significant harm, and (3) impermissibly precluded testimony and recommendations by the guardian ad litem. We agree with the guardian ad litem with respect to the issue of subject matter jurisdiction and, accordingly, reverse the judgment of the court and remand the case with direction to dismiss the petition.[2]

The record reveals the following relevant facts and procedural history. On August 23, 2017, the plaintiff, then unrepresented by counsel, served a verified petition for visitation with the minor child on her daughter, the defendant. On the petition form,[3] the plaintiff, inter alia, checked the boxes next to the statements: "I have a relationship with the child(ren) that is parent-like . . . (*State specifically how your relationship is parent-like*)" and "Denial of visitation will cause real and significant harm to the child(ren) . . . (*State specifically what harm would be caused to the child(ren) by a denial of visitation*) . . . ." As to the parent-like relationship, the plaintiff wrote: "[B]een [taking] care of [the minor child] up until this past April when he moved back with his mom." As to the harm, the plaintiff wrote: "Jeopardize relationship with grandparents."

The first hearing on the petition for visitation commenced on October 11, 2017, at which the defendant orally moved to dismiss the petition for lack of subject matter jurisdiction based on insufficient allegations. The court did not rule on the motion and, instead, continued the matter for three weeks. On November 9, 2017, the plaintiff, then represented by counsel, filed an amendment to her petition. The amendment alleged, inter alia, dates during which the minor child lived with the plaintiff and the manner in which the plaintiff cared for the minor child during those instances, medical conditions from which the minor child suffered, and possible instances of neglect, abuse, and/or abandonment in the defendant's care. Regarding harm, the amendment asserted that "[d]enial of the visitation will cause real and significant harm to the child because [the plaintiff] has been the only constant stable force in [the minor child's] life and has always kept him safe. She is the

only one who can ensure that he is safe, well-nourished and psychologically protected." This amendment was not verified.

Also on November 9, 2017, the plaintiff filed a motion for the appointment of a guardian ad litem. The motion requested that the court "appoint a guardian ad litem . . . to determine whether [the minor child] would be significantly harmed if the court were to deny the [plaintiff's] request for [visitation]." On the same day, the Children's Law Center, Inc., was appointed guardian ad litem by agreement of the parties. The Children's Law Center, Inc., entered an appearance as guardian ad litem on November 15, 2017; Justine Rakich-Kelly entered an individual appearance as guardian ad litem on January 17, 2018.

After the hearings had concluded, the trial court issued its memorandum of decision in which it granted the plaintiff's petition for visitation, concluding that the plaintiff had proven by clear and convincing evidence that a parent-like relationship existed and "denial of the visitation would cause real and significant harm to [the minor child]." Although judgment was rendered in her favor, the plaintiff thereafter filed a motion for reconsideration and/or clarification regarding specific requests contained in the petition. The court granted the motion and issued an order stating that it would "consider argument regarding appropriate orders to be entered in light of the court's findings." This appeal followed.

"At the outset, we note our well settled standard of review for jurisdictional matters. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . To determine whether the court had jurisdiction over a petition for visitation, we compare the allegations of the petition to the statutorily prescribed jurisdictional requirements." (Citation omitted; internal quotation marks omitted.) *Firstenberg* v. *Madigan*, 188 Conn. App. 724, 730, 205 A.3d 716 (2019).

The statutory jurisdictional requirements relevant to the present case are prescribed in General Statutes § 46b-59,[4] the third-party visitation statute. Section 46b-59 (b) provides: "Any person may submit a verified petition to the Superior Court for the right of visitation with any minor child. Such petition shall include specific and good-faith allegations that (1) a parent-like relationship exists between the person and the minor child,[5] and (2) denial of visitation would cause real and significant harm. Subject to subsection (e) of this section, the court shall grant the right of visitation with any minor child to any person if the court finds after hearing and by clear and convincing evidence that a

parent-like relationship exists between the person and the minor child and denial of visitation would cause real and significant harm." (Footnote added.)

At the October 11, 2017 hearing, the first court hearing, the defendant orally moved to dismiss the plaintiff's petition for lack of subject matter jurisdiction. She argued that the petition did not adequately allege how the denial of visitation would cause real and significant harm to the minor child, and this failure to satisfy the statutory requirements deprived the court of jurisdiction to hear the petition. The following procedural history is relevant to our disposition of this matter.

The defendant's counsel orally moved to dismiss at the outset of the hearing. The court then explained to the plaintiff[6] the implications of the motion to dismiss and gave her an opportunity to respond. The court asked the plaintiff: "So, do you have any other—I mean this is an important piece, and we may not have a hearing after this depending on what your answer is. I probably would let you amend your allegation if you could make a sufficient indication, but if this is your only basis, I probably will dismiss the matter as requested. So, I mean do you have any other reason to believe that there's some type of real or significant harm to [the minor child] by withholding your contact with him?" In response, the plaintiff described concerns that she had regarding the defendant's husband.[7] The defendant's counsel contended that the allegations did not address adequately the issue of harm and renewed the defendant's claim that the allegations did not comply with the statutory requirements.

The court expressed its concern "that somehow the child's being used . . . to get back at the [plaintiff]. And that causes me concern, and that may be a basis under paragraph 6 [the harm prong of § 46b-59 (b) (2); see General Statutes § 46b-120 (6)]. But what we're going to do is continue the matter three weeks. I expect [the defendant] and [the plaintiff] to at least attempt in a civil way to have a conversation. If they can't, then I will rule on this and we may continue the hearing on the next court date." It continued: "Both parties should be able to, to resolve this matter. And I had expected before today that that would have occurred. It has not occurred. It gives the court great concern, and I may allow [the plaintiff] to amend her pleading based on whatever happens between now and the next court date." Prior to the next hearing on November 9, 2017, the plaintiff hired an attorney and filed an unverified amended petition for visitation.

On appeal, the guardian ad litem argues that the verified petition filed by the plaintiff in August, 2017, failed to allege with particularity how a denial of visitation would cause real and significant harm to the minor child and thereby failed to satisfy the statutory requirements of § 46b-59 (b), consequently depriving the court

of subject matter jurisdiction. Because we agree with the guardian ad litem as to this jurisdictional claim and remand the case accordingly, we address only this claim.

"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) *Broadnax* v. *New Haven*, 270 Conn. 133, 153, 851 A.2d 1113 (2004). "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. The parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." *Sadloski* v. *Manchester*, 228 Conn. 79, 84, 634 A.2d 888 (1993). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be *immediately* acted upon by the court. . . . Our Supreme Court has explained that once raised . . . the question [of subject matter jurisdiction] must be answered *before* the court may decide the case." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Fennelly* v. *Norton*, 103 Conn. App. 125, 136–37, 931 A.2d 269, cert. denied, 284 Conn. 918, 931 A.2d 936 (2007).

When the defendant's counsel made the oral motion to dismiss for lack of subject matter jurisdiction on October 11, 2017, the court was required to address the jurisdictional issue. Once the motion to dismiss is made, "all other action in the case must come to a halt until such a determination is made." (Internal quotation marks omitted.) Id., 138. Furthermore, our Supreme Court has explicitly held that the court cannot consider any amended pleading before ruling on the motion to dismiss. See *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, 239 Conn. 93, 99, 680 A.2d 1321 (1996) (inappropriate for court to consider amended third party complaint rather than initial complaint, when acting on state's motion to dismiss for lack of subject matter jurisdiction); *Gurliacci* v. *Mayer*, 218 Conn. 531, 545, 590 A.2d 914 (1991) ("[b]y considering the motion to amend prior to ruling on the challenge to the court's subject matter jurisdiction, the court acted inconsistently with the rule that, as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made").

In light of the foregoing law, we now examine the initial, verified petition filed by the plaintiff to determine

whether the court had subject matter jurisdiction. Exercising plenary review of the issue, we conclude that the initial, verified petition did not contain the required specific, good faith allegations of real and significant harm. Section 46b-59 (a) (2) defines " '[r]eal and significant harm' " to mean "that the minor child is neglected, as defined in section 46b-120, or uncared for, as defined in said section."[8] Other than a general statement that denial of visitation would "[j]eopardize [a] relationship with [his] grandparents," the plaintiff's verified petition contained no specific references to harm, much less specific allegations of harm that the minor child would endure if visitation were denied. See *Fuller* v. *Baldino*, 176 Conn. App. 451, 460, 168 A.3d 665 (2017). The petition, then, lacked the specific allegations necessary to meet the jurisdictional thresholds of § 46b-59 (b). Consequently, we conclude that the trial court did not have subject matter jurisdiction over the plaintiff's petition for visitation.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the petition for visitation.

In this opinion the other judges concurred.

[1] Practice Book § 67-13 provides that "[i]n family and juvenile matters and other matters involving minor children . . . counsel for the guardian ad litem shall, within ten days of the filing of the appellee's brief, file either: (1) a brief, (2) a statement adopting the brief of either the appellant or an appellee, or (3) a detailed statement that the factual or legal issues on appeal do not implicate the child's interests." In this matter, the guardian ad litem chose to file a brief.

[2] In light of our resolution of the guardian ad litem's jurisdictional claim, we need not reach the merits of her other two claims.

[3] The form, JD-FM-221, is entitled "Verified Petition for Visitation—Grandparents [and] Third Parties."

[4] "Section 46b-59 was amended in 2012 to essentially codify the judicial gloss the Supreme Court put on the then existing version of § 46b-59 in *Roth* [v. *Weston*, 259 Conn. 202, 789 A.2d 431 (2002)]. In *Roth*, the court concluded that, without the proper gloss, § 46b-59, as enacted at that time, would be subject to application in a manner that would be unconstitutional. . . . The court concluded that implicit in the statute was a rebuttable presumption that visitation that is opposed by a fit parent is not in the child's best interests. . . . Additionally, the court concluded that in order to avoid constitutional infirmity, a petition for visitation must include specific, good faith allegations both that the petitioner has a parent-like relationship with the child and that the denial of visitation would cause real and significant harm to the child." (Citations omitted.) *Firstenberg* v. *Madigan*, supra, 188 Conn. App. 730–31 n.5.

[5] General Statutes § 46b-59 (d) provides that "[i]n determining whether a parent-like relationship exists between a grandparent seeking visitation pursuant to this section and a minor child, the Superior Court may consider, in addition to the factors enumerated in subsection (c) of this section, the history of regular contact and proof of a close and substantial relationship between the grandparent and the minor child."

General Statutes § 46b-59 (c) provides: "In determining whether a parent-like relationship exists between the person and the minor child, the Superior Court may consider, but shall not be limited to, the following factors: (1) The existence and length of a relationship between the person and the minor child prior to the submission of a petition pursuant to this section; (2) The length of time that the relationship between the person and the minor child has been disrupted; (3) The specific parent-like activities of the person seeking visitation toward the minor child; (4) Any evidence that the person seeking visitation has unreasonably undermined the authority and discretion of the custodial parent; (5) The significant absence of a parent from the life of a minor child; (6) The death of one of the minor child's parents; (7) The

physical separation of the parents of the minor child; (8) The fitness of the person seeking visitation; and (9) The fitness of the custodial parent.''

[6] At this time, the plaintiff was self-represented.

[7] The plaintiff alleged, inter alia, that the defendant's husband was ''very rough playing with [the minor child].''

[8] Pursuant to General Statutes § 46b-120 (4), ''[a] child may be found 'neglected' who, for reasons other than being impoverished, (A) has been abandoned, (B) is being denied proper care and attention, physically, educationally, emotionally or morally, or (C) is being permitted to live under conditions, circumstances or associations injurious to the well-being of the child . . . .''

Pursuant to § 46b-120 (6), ''[a] child may be found 'uncared for' (A) who is homeless, (B) whose home cannot provide the specialized care that the physical, emotional or mental condition of the child requires, or (C) who has been identified as a victim of trafficking, as defined in section 46a-170. . . .''